Docket No. 107016.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CRAVEN F. PHIPPS, Appellee.

*Opinion filed July 15, 2010.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Karmeier, and Burke concurred in the judgment and opinion.

Justice Garman specially concurred, with opinion.

## OPINION

Defendant Craven F. Phipps pled guilty to aggravated driving under the influence of alcohol (625 ILCS 5/11–501(d)(1)(F) (West 2004)). The circuit court of Winnebago County sentenced him to 12 years' imprisonment. The appellate court reversed defendant's conviction, holding his trial counsel was ineffective for failing to seek dismissal of the charge on speedy-trial grounds. 382 Ill. App. 3d 1047. We allowed the State's petition for leave to appeal (210 Ill. 2d R. 315(a)) and hold that defendant has failed to establish his claim of ineffective assistance of counsel. We, therefore, reverse the judgment of the appellate court and affirm the circuit court's judgment.

## I. BACKGROUND

Defendant was originally charged by indictment with one count of reckless homicide. The indictment alleged that on April 5, 2004, defendant:

> "while under the influence of alcohol, while acting in a reckless manner, and without lawful justification, performed acts likely to cause death or great bodily harm to another in that he drove a motor vehicle upon a public highway *** in a manner that was not proper with regard to the safety of others on the roadway, in that he drove at a high rate of speed ***, failed to stop for the red light at [an] intersection, and hit a car being driven by Malocka Gille, who was proceeding lawfully through the intersection, thereby causing the death of Malocka Gille, in violation of 720 ILCS 5/9–3(a). **(Class 2–Special Sentencing)**." (Emphasis in original.)

On August 20, 2004, defendant's attorney informed the trial court that the parties had reached a plea agreement calling for defendant to plead guilty to reckless homicide in exchange for the State's agreement to a 12-year sentencing cap. Defense counsel and the prosecutor confirmed that the sentencing range was 3 to 14 years' imprisonment based on the special sentencing provision. The trial court admonished defendant in accordance with Supreme Court Rule 402 (177 Ill. 2d R. 402). Defendant acknowledged he understood the sentencing range and that he could be sentenced to 12 years' imprisonment based on the plea agreement. The trial court then accepted defendant's guilty plea and ordered a presentence investigation report.

On November 19, 2004, the State filed a motion to vacate defendant's guilty plea to reckless homicide. The State asserted "the Illinois legislature found [the reckless homicide statute] as void," and the appropriate charge was aggravated driving under the influence. During a hearing that day, defense counsel stated the parties had discovered "some difficulty" with the reckless homicide statute. Counsel asserted "the same course of conduct is most likely covered under the aggravated DUI statute." The matter was then continued for the parties to discuss a procedural issue. At the following hearing, defense counsel explained:

"I believe it's our intention at this time to vacate the previous plea entered on the reckless homicide, the same exact behavior encompassed in the aggravated driving under the influence of alcohol statute. We believe it eliminates any question regarding the validity of the statute if we vacate the plea on the reckless homicide, enter a plea instead to the charge of aggravated DUI."

Defense counsel noted defendant's guilty plea to aggravated driving under the influence would be subject to the "previously agreed-upon cap of 12 years." The State agreed with defense counsel's statement. The trial court granted the motion to vacate defendant's guilty plea to reckless homicide.

The State then filed an information charging defendant with aggravated driving under the influence of alcohol. The information alleged that on April 5, 2004, defendant:

"drove a motor vehicle within this state while under the influence of alcohol, in violation of 625 ILCS 5/11–501(a)(2), was involved in a motor vehicle accident upon a public highway *** with a motor vehicle being driven by Malocka Gille, said motor vehicle accident causing the death of Malocka Gille, and said violation was the proximate cause of the death of Malocka Gille, in violation of 625 ILCS 5/11–501(d)(1)(F). (Class 2 Felony–Special Sentencing Range of 3 to 14 years of imprisonment–Max. Fine $25,000)."

The trial court accepted defendant's guilty plea to that offense. Following a hearing, the trial court sentenced defendant to 12 years' imprisonment.

Defense counsel subsequently filed motions to withdraw defendant's guilty plea and for reconsideration of his sentence. In the motion to withdraw his guilty plea, defendant alleged only that he did not knowingly and voluntarily waive his right to a jury trial and he did not fully understand the trial court's admonitions before entering his plea.

After the matter was continued several times to obtain transcripts of the proceedings, defense counsel informed the trial court that defendant had raised some issues indicating he may want to pursue an

ineffective assistance of counsel claim. Defense counsel asserted, "it seemed from our conversation that there were some things that he would have liked addressed by the court *** either by bringing in another witness or filing a separate motion." Defense counsel asked the trial court to appoint an attorney to represent defendant on his posttrial motions because counsel could not allege his own ineffective assistance. The trial court did not question defense counsel or defendant about the specific concerns. Instead, the trial court appointed the public defender to represent defendant, review his allegations, and determine whether he intended to assert a claim of ineffective assistance of counsel.

At the following hearing, defense counsel was present and stated defendant had brought up a mechanical problem with his car that he thought could have been explored at sentencing. The trial court explained the public defender had been appointed to determine whether there was going to be an ineffective assistance of counsel claim. Defendant's appointed attorney then informed the trial court that she had consulted with defendant, "went over the issues in this case with him," and also spoke with defendant's trial counsel. Appointed counsel stated defendant did not wish to raise an ineffective assistance claim, but wanted to proceed with his posttrial motions with his trial counsel. The trial court, therefore, vacated the appointment of the public defender.

At a subsequent hearing, defense counsel presented the previously filed motions to withdraw defendant's guilty plea and for reconsideration of his sentence. The trial court denied defendant's motions. In denying the motion to withdraw defendant's guilty plea, the trial court found the plea was knowing and voluntary.

On appeal, defendant contended his trial counsel was ineffective for failing to object to the State's motion to vacate his guilty plea to reckless homicide and substitute a charge of aggravated driving under the influence. Defendant also argued his attorney was ineffective for failing to object to the filing of the aggravated driving under the influence charge on speedy-trial grounds because it was not filed within 120 days of his arrest.

The State responded that defendant waived any ineffective assistance of counsel claim by failing to raise it in his motion to withdraw his guilty plea. The State noted that the trial court appointed

another attorney to consult with defendant about pursuing an ineffective assistance claim, and defendant informed the conflict attorney he did not wish to raise that claim.

The appellate court acknowledged defendant declined to raise an ineffective assistance claim in the trial court after receiving an opportunity to pursue that claim. The appellate court, nevertheless, asserted waiver limits the parties, but does not affect the court's ability to consider an issue. The appellate court held the waiver rule should be relaxed in this case because "both the parties and the trial court demonstrated some confusion as to the effects of the legislature's amendment of the reckless homicide statute."

On the merits, the appellate court determined that under the compulsory joinder statute (720 ILCS 5/3–3 (West 2004)), the State was required to prosecute the reckless homicide charge and the aggravated driving under the influence charge in the same proceeding. Given that the charges were subject to compulsory joinder, the speedy-trial period for the original reckless homicide charge also applied to the aggravated driving under the influence charge. Any delays on the reckless homicide charge could not be attributed to defendant on the subsequent information because the aggravated DUI charge was new and additional. The appellate court found defendant's right to a speedy trial was violated because the aggravated DUI charge was not filed until almost eight months after defendant was placed in custody. The appellate court further held defense counsel was ineffective for failing to seek dismissal of the aggravated DUI charge on speedy-trial grounds and the appropriate remedy was reversal of his conviction. 382 Ill. App. 3d 1047.

Justice O'Malley dissented, asserting the subsequent information only corrected a formal defect in the original indictment and did not add any new charges. The original reckless homicide charge and the subsequent aggravated DUI charge described precisely the same conduct and contained the same elements. According to Justice O'Malley, the subsequent information was, in effect, only an amended charging instrument to comply with the legislature's relabeling of defendant's conduct as aggravated DUI instead of reckless homicide. The aggravated DUI charge was not new and additional as required to support a speedy-trial claim. Justice O'Malley, therefore, concluded defense counsel did not provide

ineffective assistance in failing to object on speedy-trial grounds. 382 Ill. App. 3d at 1058 (O'Malley, J., dissenting).

## II. ANALYSIS

On appeal to this court, the State renews its argument that defendant waived his ineffective assistance of counsel claim. The State notes that the trial court appointed an attorney for the specific purpose of determining whether defendant wished to assert an ineffective assistance of counsel claim. After consulting with the appointed attorney, defendant explicitly declined to raise a claim. Thus, the State argues, defendant knowingly and voluntarily waived any claim of ineffective assistance of counsel. According to the State, the appellate court's decision to excuse defendant's waiver was an unauthorized exercise of supervisory authority.

The common law doctrine of waiver bars a claim that could have been presented previously. See *People v. Blair*, 215 Ill. 2d 427, 443 (2005). Waiver is distinct from forfeiture, however. While forfeiture applies to issues that could have been raised but were not, waiver is the voluntary relinquishment of a known right. *Blair*, 215 Ill. 2d at 443-44 & n.2. In *Blair*, this court noted, " '[w]hereas forfeiture is the failure to make the timely assertion of the right, waiver is the "intentional relinquishment or abandonment of a known right." ' " *Blair*, 215 Ill. 2d at 444 n.2, quoting *United States v. Olano*, 507 U.S. 725, 733, 123 L. Ed. 2d 508, 519, 113 S. Ct. 1770, 1777 (1993).

In determining whether a legal claim has been waived, courts examine the particular facts and circumstances of the case. See *Edwards v. Arizona*, 451 U.S. 477, 482, 68 L. Ed. 2d 378, 385, 101 S. Ct. 1880, 1884 (1981). Waiver principles are construed liberally in favor of the defendant. *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848-49 (7th Cir. 2005).

Generally, we note that appointment of new counsel is not required every time a defendant presents a *pro se* allegation of ineffective assistance of counsel. See *People v. Nitz*, 143 Ill. 2d 82, 134 (1991). Appointment of counsel is only necessary if the trial court determines, after examining the factual basis of the claim, that the *pro se* allegations show possible neglect. *Nitz*, 143 Ill. 2d at 134. In examining the factual basis, the trial court must usually question

trial counsel and the defendant on the alleged claims. *People v. Moore*, 207 Ill. 2d 68, 78 (2003). Thus, the basis for a possible ineffective assistance claim will ordinarily appear in the record. The purpose of appointing counsel is to allow presentation of an ineffective assistance claim in the trial court without the conflict of interest resulting from trial counsel arguing his own incompetence. *Moore*, 207 Ill. 2d at 78; *Nitz*, 143 Ill. 2d at 135.

In this case, the trial court did not perform the usual examination of the factual basis for the alleged *pro se* ineffective assistance claims by questioning trial counsel or the defendant. The trial court simply appointed counsel to determine whether any ineffective assistance claim would be presented. Appointed counsel's representation was not limited to certain aspects of defense counsel's performance. Thus, the record of the initial hearing when the public defender was appointed does not indicate the factual basis for any potential ineffective assistance claim.

At the hearing following the public defender's appointment, however, defendant's trial counsel asserted that defendant had brought up a mechanical issue with his car that he thought could have been addressed at sentencing. Counsel said he got the impression that defendant wished to preserve that issue. Defendant's appointed counsel then stated she "went over the issues in this case" with defendant and spoke with trial counsel. Appointed counsel asserted, "[a]t this time it is my understanding that the defendant's not looking to pursue an ineffective assistance" claim.

In this case, appointed counsel's statement declining to raise a claim of ineffective assistance of counsel was made after trial counsel explained that defendant had expressed concern about mechanical problems with his car and whether those issues could have been explored at sentencing. When placed in context, appointed counsel's statement waiving an ineffective assistance claim must be construed as referring to a possible claim based on the alleged mechanical problems with defendant's car. Accordingly, the record shows that defendant intentionally waived any claim of ineffective assistance based on trial counsel's failure to raise mechanical problems with his car at sentencing.

The State argues that appointed counsel's statement to the trial court should be construed as a general waiver of all potential

ineffective assistance claims against trial counsel. Appointed counsel's statement cannot be read as a general waiver because the context of the statement indicates appointed counsel was referring to defendant's concerns about the failure to raise mechanical problems with his car at sentencing. To the extent that appointed counsel's statement waiving ineffective assistance claims is ambiguous, it should be interpreted narrowly because waiver principles are construed liberally in favor of the defendant. See *Jaimes-Jaimes*, 406 F.3d at 848-49.

Keeping this principle in mind, we reject the State's contention that appointed counsel's waiver of defendant's ineffective assistance claims was not limited to those based on trial counsel's failure to raise a mechanical issue with defendant's car at sentencing. Accordingly, defendant has not waived his claim of ineffective assistance based on trial counsel's failure to assert a speedy-trial objection.

On the merits, the State contends that defendant's ineffective assistance claim fails because there was no statutory speedy-trial violation, and counsel cannot be ineffective for failing to raise a baseless argument. The State maintains the subsequent aggravated driving under the influence charge was not new and additional, but merely relabeled the conduct described in the original indictment. The delays attributable to the defendant on the original reckless homicide charge are, therefore, also attributable to him on the subsequent charge and no speedy-trial violation occurred.

Defendant responds that the State was required to join the reckless homicide and aggravated driving under the influence charges under the compulsory joinder statute. Those charges are substantively different. Thus, any delays attributable to defendant on the initial reckless homicide offense cannot be charged to him on the subsequent indictment. Defendant contends his statutory right to a speedy trial was, therefore, violated and his trial attorney provided ineffective assistance by failing to raise that claim.

To establish a claim of ineffective assistance of counsel, the defendant must show counsel's performance was deficient and the deficient performance resulted in prejudice. *People v. Houston*, 226 Ill. 2d 135, 143 (2007), citing *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Counsel's failure to

assert a speedy-trial violation cannot establish either prong of an ineffective assistance claim if there is no lawful basis for raising a speedy-trial objection. *People v. Cordell*, 223 Ill. 2d 380, 385 (2006). Accordingly, we must first determine whether defendant's right to a speedy trial was violated. See *Cordell*, 223 Ill. 2d at 385.

Defendants possess both constitutional and statutory rights to a speedy trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8; 725 ILCS 5/103–5(a) (West 2004). Although Illinois' speedy-trial statutes implement the constitutional right, the statutory and constitutional rights are not coextensive. *People v. Sandoval*, 236 Ill. 2d 57, 67 (2010). Defendant does not raise a constitutional issue, but only contends his statutory right to a speedy trial was violated.

Section 103–5(a) of the Code of Criminal Procedure of 1963 provides, in pertinent part:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***. Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103–5(a) (West 2004).

The 120-day speedy-trial period begins to run automatically if a defendant remains in custody pending trial. *People v. Woodell*, 219 Ill. 2d 166, 174 (2006). To prevent the speedy-trial clock from tolling, section 103–5(a) requires defendants to object to any attempt to place the trial date outside the 120-day period. *Cordell*, 223 Ill. 2d at 390-91. The statute does not mandate any "magic words" constituting a demand for trial, but it requires some affirmative statement in the record requesting a *speedy* trial. *Cordell*, 223 Ill. 2d at 391, quoting *People v. Peco*, 345 Ill. App. 3d 724, 734 (2004).

Even if a delay is attributable to a defendant on the original charges, however, that delay is not always attributable to the defendant on subsequently filed charges. *People v. Woodrum*, 223 Ill. 2d 286, 299 (2006). The following rule has developed in these circumstances:

> "Where new and additional charges arise from the same

facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges. Continuances obtained in connection with the trial of the original charges cannot be attributed to defendants with respect to the new and additional charges because these new and additional charges were not before the court when those continuances were obtained." *People v. Williams*, 94 Ill. App. 3d 241, 248-49 (1981).

We have clarified that this rule is applicable only when the initial and subsequent charges are subject to compulsory joinder. *People v. Williams*, 204 Ill. 2d 191, 207 (2003); *People v. Gooden*, 189 Ill. 2d 209, 218 (2000).

In this case, the parties dispute whether the aggravated driving under the influence charge is "new and additional." The resolution of that issue controls whether delays attributable to defendant on the original indictment are also attributable to him on the subsequent aggravated driving under the influence charge.

We review *de novo* the legal question of whether the aggravated driving under the influence charge is new and additional. *Woodrum*, 223 Ill. 2d at 300. The analysis involves a comparison of the original and subsequent charges. *Woodrum*, 223 Ill. 2d at 300. The purpose of the rule set forth in *Williams* is to prevent "trial by ambush." *Williams*, 204 Ill. 2d at 207. Without this rule:

"[t]he State could lull the defendant into acquiescing to pretrial delays on pending charges, while it prepared for a trial on more serious, not-yet-pending charges. We cannot presume that a defendant would have agreed to a continuance if he had faced both charges. *** When the State filed the more serious charges, the defendant would face a Hobson's choice between a trial without adequate preparation and further pretrial detention to prepare for trial." *Williams*, 204 Ill. 2d at 207.

The rationale for the rule, therefore, centers on whether the defendant had adequate notice of the subsequent charges to allow preparation of a defense. The focus is on whether the original charging instrument gave the defendant sufficient notice of the

-10-

subsequent charges to prepare adequately for trial on those charges. If the original charging instrument gives a defendant adequate notice of the subsequent charges, the ability to prepare for trial on those charges is not hindered in any way. Thus, when the State files the subsequent charge, the defendant will not face "a Hobson's choice between a trial without adequate preparation and further pretrial detention to prepare for trial." *Williams*, 204 Ill. 2d at 207. Rather, the defendant may proceed to trial on the subsequent charges with adequate preparation instead of being forced to agree to further delay. In those circumstances, the rationale for declining to attribute to the defendant delays in connection with the original charges does not apply.

A review of the charging instruments in this case reveals that the original indictment and subsequent information alleged the same conduct. The original indictment charged, in pertinent part, that defendant drove a motor vehicle while under the influence of alcohol and collided with a car driven by Malocka Gille, causing her death. Similarly, the subsequent information alleged defendant drove a motor vehicle while under the influence of alcohol and was involved in a collision with a car driven by Malocka Gille, causing her death. The original indictment provided defendant notice of the material allegations in the subsequent information.

Additionally, the reckless homicide and aggravated driving under the influence offenses, as charged by the State, had essentially the same elements and provided the same penalty. The State charged the reckless homicide offense under the statute as it existed prior to July 18, 2003. Under that version, a person committed reckless homicide if he or she caused the death of another by driving a motor vehicle recklessly in a manner likely to cause death or great bodily harm. 720 ILCS 5/9–3(a) (West 2002). If the defendant committed the offense while under the influence of alcohol, the statute provided the offense was a Class 2 felony punishable by 3 to 14 years' imprisonment. 720 ILCS 5/9–3(e) (West 2002). The subsequent charge of aggravated driving under the influence also prohibits causing the death of another person as a result of driving under the influence of alcohol (625 ILCS 5/11–501(a), (d)(1)(F) (West 2004)), and is a Class 2 felony punishable by a prison term of 3 to 14 years' imprisonment (625 ILCS 5/11-501(d)(2) (West 2004)).

-11-

On this point, we note that the State did not charge defendant under the version of the reckless homicide statute in effect at the time of his offense on April 5, 2004. In Public Act 93–213, effective July 18, 2003, the General Assembly amended both the reckless homicide and aggravated driving under the influence statutes. As we explained in *People v. Gancarz*, 228 Ill. 2d 312, 315-16 (2008), Public Act 93–213 removed section 9–3(e) from the reckless homicide statute and added similar language to the aggravated driving under the influence statute. Section 9–3(e) provided a penalty of 3 to 14 years' imprisonment for reckless homicide if the offense was committed while under the influence of alcohol. *Gancarz*, 228 Ill. 2d at 316. Following the removal of section 9–3(e), reckless homicide remained a Class 3 felony with a sentencing range of two to five years' imprisonment. 720 ILCS 5/9–3(d)(2) (West 2004); *Gancarz*, 228 Ill. 2d at 316.

The critical point for our speedy-trial analysis in this case, however, is not whether the State charged defendant under the correct version of the reckless homicide statute, but whether the original indictment gave defendant adequate notice to prepare his defense to the subsequent charge. This court has stated that Public Act 93–213 "recharacterized the conduct that had been reckless homicide while under the influence of drugs or alcohol as aggravated driving while under the influence, and retained the sentencing structure of 3 to 14 years' imprisonment." *Gancarz*, 228 Ill. 2d at 322. Thus, we conclude that reckless homicide, as charged under the preamended statute, provided defendant adequate notice of the subsequent aggravated driving under the influence charge to allow him to prepare his defense.

The rationale for the *Williams* rule does not apply here because the original indictment gave defendant notice of the subsequent charge from the outset of the prosecution. In this case, there was no danger of "trial by ambush." In *Woodrum*, we stated that the "defendant could not have been surprised by the subsequent charges because they were essentially the same as the original ones." *Woodrum*, 223 Ill. 2d at 301. That statement applies equally here.

We conclude that the aggravated driving under the influence charge was not "new and additional" for speedy-trial purposes. Thus, while the speedy-trial period for the aggravated driving under the

influence charge relates back to the filing of the original reckless homicide indictment, any delays attributable to defendant on the reckless homicide indictment are also attributable to him on the subsequent charge. The record shows defendant did not object to any delays as required to prevent the speedy-trial period from tolling. Under section 103–5(a), defendant, therefore, "agreed to" all delays and a speedy-trial claim would have been futile. Defendant's ineffective assistance of counsel claim cannot succeed because trial counsel's failure to raise a speedy-trial violation was neither deficient nor prejudicial under these circumstances.

Finally, defendant contends his trial counsel provided ineffective assistance by agreeing to vacate his guilty plea to the reckless homicide charge and substitute the Class 2 felony of aggravated driving under the influence. At the time of his offense, reckless homicide was a Class 3 felony with a maximum sentence of five years' imprisonment and the plea agreement calling for a sentencing cap of 12 years was void to the extent that his actual sentence exceeded the statutory maximum. Defendant contends that he was prejudiced by the substitution because prosecution of the aggravated driving under the influence offense was barred under the speedy-trial statute. According to defendant, his attorney should have moved to vacate the guilty plea to reckless homicide because it potentially authorized an illegal sentence of 12 years' imprisonment and also moved to bar the State from filing the aggravated driving under the influence charge because it violated his statutory right to a speedy trial.

Defendant's contention that he was prejudiced by counsel's agreement to substitute the aggravated driving under the influence charge hinges on his assertion that the charge was barred under the speedy-trial statute. We have already held that the subsequent aggravated driving under the influence charge was not barred under speedy-trial principles. Defendant could not have avoided the aggravated driving under the influence charge on that basis. Accordingly, defendant's claim of prejudice fails. Without a showing of prejudice, defendant cannot establish his claim of ineffective assistance of counsel. See *Houston*, 226 Ill. 2d at 143 (defendant must show both deficient performance and prejudice to establish ineffective assistance of counsel claim).

### III. CONCLUSION

For the foregoing reasons, we reverse the appellate court's judgment and affirm the judgment of the trial court.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*


JUSTICE GARMAN, specially concurring:

Unlike the majority, I would conclude this court is unable to reach defendant's substantive arguments because defendant has waived them. Therefore, I write separately on this procedural issue.

In this case, the record is largely silent as to defendant's discussions with his appointed counsel. As the majority notes, defendant's trial counsel briefly mentioned a claim based on a mechanical problem with defendant's car that defendant believed should have been explored at sentencing. Slip op. at 4. Beyond this, appointed counsel explained only that she "went over the issues in this case with him." It is undisputed that defendant did not object to appointed counsel's statement and the record lacks any other indication that the statement did not reflect defendant's position.

The majority concludes that the context of appointed counsel's statement indicates that defendant intended to waive only the ineffective assistance claim related to his car's mechanical problem. However, the record reflects that appointed counsel went over "the issues" in this case, which suggests that defendant discussed multiple possible grounds for pursuing ineffective assistance claims. The mechanical problem with defendant's car may or may not have been one of the issues discussed. We cannot say based on the record before us. We also cannot say which other issues were or were not raised.

What we can say, first, is that counsel was specifically appointed in this case to investigate whether defendant would bring any ineffective assistance of counsel claim. As the majority notes, the circuit court did not limit counsel's representation to any particular aspect of defense counsel's performance. We can also say that under these circumstances we presume that appointed counsel's decision

-14-

not to raise an ineffective assistance claim was the result of competent advice. We strongly presume that "counsel's conduct falls within the wide range of reasonable professional assistance." *People v. Richardson*, 189 Ill. 2d 401, 413 (2000). *Richardson* addressed an ineffective assistance claim raise against trial counsel, yet the principle applies equally in this case to presume that appointed counsel discussed potential ineffective assistance claims in accordance with her instructions by the circuit court. Under this presumption, defendant would have to provide some basis for rejecting the presumption.

In this case, defendant has not provided a sufficient reason for rejecting this presumption. Indeed, defendant has not even affirmatively suggested that appointed counsel failed to discuss any speedy-trial issue with defendant. Rather, defendant merely asserts that the record is silent, and that there is no indication the issue was discussed. An affirmative declaration that the speedy-trial issue was not raised in his conversation with appointed counsel would, at the very least, serve as an argument in favor of excusing any waiver by defendant. Nonetheless, defendant makes no argument that appointed counsel was deficient for failing to raise the issue.

The majority notes that waiver principles are to be construed liberally in favor of the defendant. Slip op. at 6. However, it is incumbent on the defendant to affirmatively assert that appointed counsel failed to discuss this issue with him. Failing to require defendant to make this showing would be to allow an ineffective assistance claim to proceed, regardless of the length of the discussion between defendant and counsel, so long as counsel declines to mention the claim on the record. Thus, counsel will have incentives to be as vague as possible in declining to pursue ineffective assistance claims when appointed by the circuit court.

Based on the facts of this case, I disagree with the majority on this procedural question and, therefore, would grant the State relief on that ground. However, if presented with the substantive issue raised in this case I would conclude that no speedy-trial violation occurred and counsel was not ineffective for failing to raise the claim, for the reasons presented in the majority opinion. Therefore, I concur in the judgment.

-15-