2019 IL App (1st) 172815-U

No. 1-17-2815

SIXTH DIVISION
DECEMBER 13, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 107821 |
| | ) | |
| ANTHONY CONNER, | ) | Honorable |
| | ) | Ursula Walowski, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Connors and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   When defendant affirmatively stated that he did not want the jury instructed on a lesser included offense, he waived his right to challenge the fact that the jury did not receive such an instruction.

¶ 2    Following a jury trial, defendant Anthony Conner was found guilty of aggravated vehicular hijacking (720 ILCS 5/18-4(a)(4) (West 2016)), and sentenced to 21 years in prison. On appeal, he contends that the trial court's "misleading" admonishment denied him the right to

intelligently choose whether the jury should be instructed as to a lesser included offense. We affirm the judgment of the circuit court of Cook County.

¶ 3                                  BACKGROUND

¶ 4      Darryl Mitchell testified that between 1:30 and 1:40 a.m. on May 17, 2016, he saw Tonya Campbell, a childhood friend, on the street and gave her a ride home. When they arrived at her home, they sat in the vehicle and talked. At one point, the defendant and a man in a hoodie approached the passenger side of the vehicle and spoke to Campbell through the window.[1] The defendant asked to use Mitchell's phone. Mitchell declined, but dialed the number through Bluetooth and the defendant conducted the call via speaker. The defendant then walked to the driver's side of the vehicle and asked if he could use Mitchell's phone charger. As Mitchell looked down, the man in the hoodie put a firearm to the back of his head and said "run that," which means "give me everything." Mitchell exited the vehicle and the man with the firearm reached into Mitchell's pant pocket and took his wallet. Campbell exited the vehicle and "holler[ed] they robbing him." The defendant and the man with the firearm then entered the vehicle and drove away. The defendant was in the passenger seat.

¶ 5      Mitchell was not buying drugs that evening and did not agree to let the defendant or anyone else borrow his vehicle in exchange for drugs. After this incident, he went to a friend's house and the police were called. Mitchell and Campbell both spoke to the police. On May 19, 2016, police came to Mitchell's home and Mitchell identified the defendant in a photographic array.

---

[1] The man was later identified as William Payne. He is not a party to this appeal.

¶ 6    Chicago police detective Ralph Palomino testified that on June 15, 2016, he was assigned to find the defendant, who was wanted in connection with a carjacking. After seeing the defendant outside a building, Palomino followed the defendant inside and arrested him.

¶ 7    The defendant presented the testimony of Anthony Sayles, a "very close" friend of the defendant. Sayles testified that the defendant called him around 7 p.m. on May 16, 2016, and asked him to hang out. Sayles hung out with the defendant and the defendant's friend outside Sayles's house. Campbell and Mitchell were in a vehicle parked next door. At one point, the defendant's friend went to the vehicle, spoke to Campbell and Mitchell, and entered the vehicle. Campbell and Mitchell then walked to the back of a house, and the defendant's friend drove away in Mitchell's vehicle. Sayles and the defendant sat outside for 60 to 90 minutes and then the defendant left.

¶ 8    Around 2 a.m., Campbell knocked on a window and asked to use Sayles's phone. Mitchell was on the sidewalk. Sayles gave Campbell the phone and stepped back inside. When he came back out, the police had "already pulled up." Sayles walked to the police vehicle and asked what was going on. An officer returned his phone and stated that "they" were making a report about being robbed. When an officer asked Sayles if he wanted to sign something about "what was going on," Sayles declined. He did not see the defendant take a vehicle that evening.

¶ 9    The defendant testified that when he arrived at Sayles's house, his friend "Scooter" was there. At one point, Scooter approached Mitchell's vehicle, had a conversation with him, and exchanged something. Mitchell and Campbell then went to the back of Campbell's house, and Scooter left in Mitchell's vehicle. The defendant did not see Scooter again that evening, but did speak to him. He saw Campbell on the street between 11 p.m. and midnight, but did not see

Mitchell. He left Sayles's house between 10:30 and 11 p.m. The defendant never entered Mitchell's vehicle. Although he saw Scooter with drugs, he did not see a firearm.

¶ 10    In rebuttal, the State entered into evidence a certified copy of the defendant's conviction for unlawful possession of a handgun in case number 08 CR 19389.

¶ 11    After the State rested, the trial court held a jury instruction conference. During the conference, the trial court asked whether "somebody [was] asking for a lesser included." Trial counsel stated that he had spoken to the defendant and told the defendant that it was the defendant's choice, and that the defendant was not asking for an instruction on a lesser-included offense. The court then questioned the defendant and confirmed that he knew that vehicular hijacking is a lesser-included offense of aggravated vehicular hijacking, that he had consulted with counsel regarding whether to instruct the jury on a lesser-included offense, and that he understood that it was his decision to make after consulting with counsel. The following colloquy then took place:

> "THE COURT: The vehicular hijacking is a Class 1. So the minimum to the maximum is 4 to 15. And aggravated vehicular hijacking as your [*sic*] charged with is 6 to 30. Do you understand that?
>
> DEFENDANT: Yes.
>
> THE STATE: It's actually 21 to 45.
>
> THE COURT: I'm not sure about that based on the evidence I've heard, State. I guess you're going to be arguing that he should get the enhancement based on accountability?

THE STATE: Yes, your Honor. I think there's specific—I mean it's an element of the offense that the Defendant—

THE COURT: Right. I know it's an element of the offense. But the enhancement to get an extra 15 years I think the State has to prove that he actually was armed with a firearm to get that enhancement.

THE STATE: Maybe it should be submitted as a separate interrogatory.

THE COURT: That's what I would suppose. That's how I read the enhancement Statute. I don't think you could get an enhancement based on accountability unless you know otherwise. But regardless, [defendant], there's an issue as to that. If there's caselaw out there that requires that you get an enhancement based on the firearm, then the minimum on your charge as charged is 21. Do you understand that?

DEFENDANT: Yes.

THE COURT: Okay. So you do not want—I would give the lesser included instruction in this case, but you do not want that. Is that right?

DEFENDANT: Is that saying I plead guilty to the lesser—

THE COURT: No, no, no. You're not pleading guilty to anything. The jury is going to decide if you're guilty or innocent. What I'm trying to tell you is I could give the jury instructions as to this lesser included charge. Then they would have the option of finding you guilty of vehicular hijacking or aggravated vehicular hijacking or not guilty at all. But if I don't give it, then their only option is aggravated vehicular hijacking, guilty or not guilty. Do you understand that?

DEFENDANT: I understand the two terms, but I don't understand—

THE COURT: Basically what the difference would be is the verdict forms that the jury gets and that they are instructed on. So, [defendant], if you want a lesser included offense instruction on vehicular hijacking, the jury would get instructed on what vehicular hijacking is and then they would get a verdict form that says guilty of vehicular hijacking. If you don't want that, then they wouldn't get that. So basically if I grant a lesser included instruction, the jury would get the following verdict forms. Either one of the verdict forms is going to say not guilty of aggravated vehicular hijacking and not guilty of vehicular hijacking. One that says guilty of aggravated vehicular highjacking [*sic*]. One that says guilty of vehicular hijacking. So they would get three verdict forms. They would have an option to pick from these three. If I do not give the lesser included instruction, it would be basically be guilty of aggravated vehicular hijacking or not guilty of aggravated vehicular hijacking. That's the options you would have. So basically is vehicular hijacking the lesser included charge would give them an extra option, another verdict form to consider. Do you understand now what I'm telling you?

DEFENDANT: Yes.

(Brief pause.)

DEFENDANT: I am ready, your Honor.

TRIAL COUNSEL: Judge, I believe [defendant] does not want to have the lesser included.

THE COURT: Right. So you've talked to your lawyer about this, [defendant]?

DEFENDANT: Yes, ma'am.

THE COURT: You understand what I'm explaining to you, correct?

DEFENDANT: Yes.

THE COURT: Okay. So you're deciding not to have any instruction on vehicular hijacking, is that right?

DEFENDANT: Yes."

¶ 12    The court then reiterated that the jury would receive two verdict forms, one for a finding of guilty of aggravated vehicular hijacking and another for a finding of not guilty of aggravated vehicular hijacking, and would not have the third option of vehicular hijacking. The court asked the defendant if he understood, and the defendant said yes.

¶ 13    The jury found the defendant guilty of aggravated vehicular hijacking. Defendant filed a posttrial motion, which was denied. Following a hearing, the defendant was sentenced to 21 years in prison.

¶ 14                                    ANALYSIS

¶ 15    We note that we have jurisdiction to review this matter, as the defendant filed a timely notice of appeal immediately following sentencing.  Ill. S. Ct. R. 603 (eff. Feb. 6, 2013), Ill. S. Ct. R. 606 (eff. July 1, 2017).

¶ 16    On appeal, the defendant contends that the trial court misled him about the applicable sentencing range for aggravated vehicular hijacking, thus denying him the right to intelligently choose whether the jury should be instructed on the lesser included offense of vehicular hijacking. The defendant acknowledges that he failed to raise this issue in his posttrial motion, but argues that because it affects a substantial right, this issue may be reviewed pursuant to the plain error doctrine.  See *People v. DePaolo*, 317 Ill. App. 3d 301, 310 (2000) ("A defendant's right to tender a lesser-included-offense instruction affects a substantial right.").

¶ 17    As a threshold issue, the State responds that the defendant is precluded from raising this issue on appeal because he "expressly" declined that the jury be instructed on the lesser included offense of vehicular hijacking. Thus, the defendant cannot now complain of the course of action that he requested.

¶ 18    "The common law doctrine of waiver bars a claim that could have been presented previously." *People v. Phipps*, 238 Ill. 2d 54, 62 (2010). In other words, waiver is the voluntary relinquishment of a known right. *Id.* It is distinguishable from forfeiture, which applies to issues that could have been raised but were not. *Id.* As our supreme court explained, "[w]hereas forfeiture is the failure to make the timely assertion of the right, waiver is the 'intentional relinquishment or abandonment of a known right.' " *People v. Blair*, 215 Ill. 2d 427, 444 n. 2 (2005) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

¶ 19    A defendant has the due process right to have the jury properly instructed on the law. *People v. Smith*, 2019 IL App (1st) 161246, ¶ 42. As part of that right, a defendant has the right to request that the jury be instructed for any offense that is a lesser included offense of the charged offense. *Id.* A defendant can, however, waive that right.  See *People v. Lesley*, 2018 IL 122100, ¶ 36 ("waiver is an intentional relinquishment or abandonment of a known right or privilege").

¶ 20    In this case, the defendant expressly declined to have the jury instructed on the lesser-included offense, and, consequently, waived his right to raise this issue on appeal.

¶ 21    *People v. Patrick*, 233 Ill. 2d 62 (2009), and *People v. Carter*, 208 Ill. 2d 309 (2003), are instructive. In *Patrick,* the defendant argued on appeal that it was error for the jury to be instructed as to first degree murder, second degree murder, and involuntary manslaughter when

those instructions precluded the jury from considering involuntary manslaughter unless it acquitted him of first degree murder. *Id.* at 76. The defendant admitted that he failed to preserve the issue, but asked the court to review it pursuant to the plain error doctrine. *Id.* Initially, our supreme court found the issue forfeited, because the defendant failed to object to the instruction and failed to raise any claim of error in a posttrial motion. *Id.* The court then found that not only did the defendant forfeit the error, he also waived it because he tendered the complained-of instruction to the jury. *Id.* at 76-77. The court therefore declined to address the claim under the plain error rule because the defendant "invited any error by submitting the jury instruction." *Id.* at 77.

¶ 22    In *Carter*, the defendant challenged his first degree murder conviction, arguing on appeal that the trial court erred when it failed to instruct the jury on the lesser included offense of involuntary manslaughter. Our supreme court held that the doctrine of "invited error" precluded the defendant from challenging an action of the trial court that the defendant, himself, requested when the record showed that defendant affirmatively told the trial court that he did not want the lesser-included instruction tendered to the jury. *Carter*, 208 Ill. 2d at 319.

¶ 23    Here, the trial court asked the defendant whether he wanted the jury to be instructed as to the lesser included offense of vehicular hijacking, asked whether the defendant had discussed the issue with trial counsel, and explained the different sentencing ranges for aggravated vehicular hijacking and vehicular hijacking. Regarding the sentencing enhancement for using a firearm in the commission of the offense, the trial court candidly stated that it was not certain whether, based on the evidence presented, the enhancement applied, but if the enhancement applied, the minimum sentence applicable to the defendant for aggravated vehicular hijacking would be 21

years in prison. The defendant indicated that he understood and did not want the jury instructed as to the lesser included offense. The court then reiterated that absent the lesser included offense instruction, the jury's only options were to find the defendant guilty or not guilty of aggravated vehicular hijacking.

¶ 24 The record thus reflects that the defendant was aware of his right to request a lesser included instruction and discussed the issue with both trial counsel and the trial court. After the trial court admonished the defendant of the consequences of failing to tender a lesser included offense instruction, the defendant stated that he was relinquishing that right. See *People v. Cox*, 2017 IL App (1st) 151536, ¶ 83 (the defendant waived his right to the prior cross-examination of a witness "by stating affirmatively that he had no objection to admitting" a document, "even though it was clear that meant there would be no cross-examination prior to its admission").

¶ 25 Thus, as in *Patrick* and *Carter*, the defendant waived his right to challenge the fact that the jury was not instructed on the lesser included offense because this was the course of action that he requested. This is not a case where the issue of a lesser included instruction was not raised before the trial court. Rather, the defendant discussed the issue with the trial court, and the court made it clear that it was the defendant's decision whether to request a lesser included offense instruction. The court discussed the two applicable sentencing ranges, the possible applicability of the sentencing enhancement, and answered the defendant's questions. Following that discussion, the defendant chose not to request that the jury be instructed on the lesser included offense. Consequently, the defendant has waived this issue for review.

¶ 26 And, because the defendant waived this issue for review, we reject his argument that his claim of error is reviewable under the plain error doctrine. See *People v. Herron*, 215 Ill. 2d 167,

187 (2005) (court may review unpreserved error under two circumstances (1) the evidence is closely balanced, such that the error threatened to tip the scales in favor of the State; or (2) the error was so serious that it challenged the integrity of the judicial process). Here, the defendant contends that the trial court committed second-prong plain error when it misled him about the applicable sentencing range. He argues that because the trial court was not sure that the firearm enhancement applied, the court failed to properly inform him of the applicable sentencing range, thus depriving him of the facts he needed to make an intelligent waiver.

¶ 27 But the plain error doctrine applies only to arguments that "were not brought to the attention of the trial court," *i.e.*, those argument that were *forfeited* because they were not raised. *Id*.; see also *Lesley*, 2018 IL 122100, ¶ 37 ("Forfeiture is defined as the failure to make the timely assertion of the right."); *Phipps*, 238 Ill. 2d at 62 ("forfeiture applies to issues that could have been raised but were not").

¶ 28 Because the alleged error was *waived*, plain error review of the defendant's decision is not warranted. *People v. Stewart*, 2018 IL App (3d) 160205, ¶ 20 ("Forfeited errors may be subject to plain-error review, but waiver forecloses review of a claim predicated upon the waived right."); *People v. Boston*, 2018 IL App (1st) 140369, ¶ 109 ("Plain-error review is forfeited * * * when the defendant invites the error.").

¶ 29 Waiver aside, the defendant's claim of error fails as a factual matter. The record reveals that the trial court was unsure whether the firearm enhancement applied because the defendant was not the person holding the firearm, but that the State argued that the enhancement did apply and that the minimum applicable sentence was 21 years. The State and the trial court then engaged in a lengthy discussion regarding the applicability of the enhancement. When

admonishing the defendant, the court stated that regardless of its opinion, if the State presented the court with caselaw supporting its position that the enhancement applied, the minimum applicable sentence was 21 years. Then, the defendant consulted with his attorney and confirmed that he understood what the court had explained. Thus, based on the record before us, the defendant was aware that the 21-year minimum could be applicable to his case, and was not misled by the trial court.

¶ 30                                          CONCLUSION

¶ 31     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 32     Affirmed.