**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220254-U

Order filed May 25, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0254 Circuit No. 20-CF-189 |
| TERRENCE ROUNDTREE, | ) ) ) | Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court.
Justices Hettel and Davenport concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Counsel was not ineffective as defendant's right to a speedy trial was not violated.

¶ 2    Defendant, Terrence Roundtree, appeals his conviction, arguing his trial counsel was ineffective for failing to argue that delays before trial were not attributable to defendant and failing to move for dismissal based on a violation of defendant's statutory right to a speedy trial. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4          In March 2020, defendant was charged by information with aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2020)) and aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1)(3)(A-5)). He was arrested on May 26, 2020. Defendant remained in custody from the date of his arrest until his bench trial on January 5, 2022.

¶ 5          Pertinent to this appeal are the following court dates: Defendant first appeared in court on May 27, 2020, where the court set the case for a preliminary hearing on June 18, 2020. The case was originally set for a bench trial on September 27, 2021. The State and counsel for defendant appeared in court on that morning and noted that the case was set for bench trial that afternoon. Defense counsel never stated that he was ready to proceed to trial. However, the State requested a continuance as a witness may not be present. The State provided that they could wait until the afternoon to see if the witness appeared in court. Defense counsel requested that a new date be set and did not object to the continuance. The trial was rescheduled for December 2, 2021.

¶ 6          On December 2, 2021, defense counsel stated that he was not ready for trial as the State had provided additional discovery materials that morning. Counsel stated that the discovery was given to the attorney that was representing defendant previously, but defendant's current counsel had not received it until that morning. The State stated that they would only be using the ballistics match at trial. Defense counsel stated, "if the previous lawyer had given me the other discovery that the State is going to use, I would have been ready." The court asked which party was responsible for the continuance, for purposes of speedy trial, but neither the State nor defense counsel responded.

¶ 7          After a bench trial on January 5, 2022, the court found defendant guilty of both counts. Defendant filed a motion for a new trial but did not raise any issue regarding defendant's right to

a speedy trial. The court denied the motion. The two counts merged, and defendant was sentenced to four years' imprisonment for aggravated discharge of a firearm.

¶ 8                                                    II. ANALYSIS

¶ 9        On appeal, defendant argues that counsel was ineffective for failing to argue that two delays prior to trial were not attributable to defendant: (1) the 23-day delay between his arrest and his preliminary hearing, and (2) the 100-day delay between the initial trial date of September 27, 2021, and the actual trial date of January 5, 2022. Further, defendant argues that, since this 123-day delay exceeded the statutory 120-day speedy trial limit, counsel was ineffective for failing to file a motion to dismiss on statutory speedy trial grounds.

¶ 10        A defendant in Illinois has both a constitutional and a statutory right to a speedy trial. *People v. Cordell*, 223 Ill. 2d 380, 385 (2006). The statutory right to a speedy trial is found in section 103-5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103-5 (West 2020)). Section 103-5(a) states, *inter alia*, "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he or she was taken into custody unless delay is occasioned by the defendant ***." *Id.* § 103-5(a). The 120-day period begins to run automatically if a defendant remains in custody pending trial. *People v. Wooddell*, 219 Ill. 2d 166, 174 (2006). Anyone not tried in accordance with section 103-5(a) "shall be discharged from custody or released from the obligations of his bail or recognizance." 725 ILCS 5/103-5(d) (West 2020).

¶ 11        To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient and that he was prejudiced by that deficiency. *People v. Phipps*, 238 Ill. 2d 54, 65 (2010). "Counsel's failure to assert a speedy-trial violation cannot establish either prong of an ineffective assistance claim if there is no lawful basis for raising a

3

speedy-trial objection. [Citation.] Accordingly, we must first determine whether defendant's right to a speedy trial was violated." *Id.*

¶ 12      The first delay defendant argues should not be attributable to him, and thus, should have begun the speedy trial clock was the 23-day period from May 26, 2020, until June 18, 2020, when the court *sua sponte* delayed the preliminary hearing. At that time, the COVID-19 pandemic was in full swing. In response to the pandemic, our supreme court entered an order allowing circuit courts to continue trials due to COVID-19 and provided that "such continuances shall be excluded from speedy trial computations contained in section 103-5 of the Code *** [citation] and section 5-601 of the Illinois Juvenile Court Act [citation]. Statutory time restrictions in section 103-5 of the Code *** and section 5-601 of the Juvenile Court Act shall be tolled until further order of this Court." Ill. S. Ct., M.R. 30370 (eff. May 20, 2020). This order was in effect until October 1, 2021. See Ill. S. Ct., M.R. 30370 (eff. June 30, 2021). The Twenty-First Judicial Circuit thus issued administrative orders to this effect. See 21st Judicial Cir. Ct. Adm. Order 2020-17 (Apr. 29, 2020); 21st Judicial Cir. Ct. Adm. Order 2020-20 (May 28, 2020). Under the orders, circuit judges were authorized to continue criminal cases and such continuances would be excluded from speedy trial computations. See 21st Judicial Cir. Ct. Adm. Order 2020-17 (Apr. 29, 2020); 21st Judicial Cir. Ct. Adm. Order 2020-20 (May 28, 2020).

¶ 13      As these orders were in effect at the time defendant was arrested, the 23-day continuance of defendant's preliminary hearing did not count toward the 120-day speedy trial computation. See *People v. Ballard*, 2022 IL App (1st) 210762, ¶ 38. While defendant argues the supreme court's administrative orders tolling the speedy trial term were unconstitutional, our supreme court has recently considered the issue and determined that the COVID-19 orders were constitutional and upheld their application to toll a defendant's statutory speedy trial right in a similar context. See

4

*People v. Mayfield*, 2023 IL 128092, ¶ 3. Defendant makes no other arguments to preclude the application of the COVID-19 orders and has, therefore, forfeited any additional arguments in response to this finding. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 14     Second, defendant argues the 100-day delay between the initial trial date of September 27, 2021, and the actual trial date of January 5, 2022, should not have been attributable to him. We disagree. Section 103-5 of the Code expressly states that "[d]elay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a) (West 2020). The onus is on the defendant to take affirmative action. *Cordell*, 223 Ill. 2d at 391-92.

¶ 15     On September 27, 2021, defense counsel did not object to the State's request for a continuance and, in fact, asked that a new trial date be set instead of waiting until the afternoon to see if the State's witness appeared for trial. While defendant argues that counsel should have objected to the continuance, there is no indication in the record that defense counsel was ready to proceed to trial that day. As such, we cannot say that counsel's decision not to object amounted to deficient performance. Moreover, on December 2, 2021, defense counsel specifically asked for a continuance based on discovery it had just received that morning. Defendant argues that this continuance should be attributed to the State for providing last minute discovery. However, the record shows that the State had provided this discovery to defendant's previous attorney. The onus was on defense counsel, not the State, to confirm that he had received all previous discovery from prior counsel.

¶ 16 Because none of the delays argued by defendant were attributable to the State, defendant's speedy trial rights were not violated and counsel was not ineffective for failing to argue such a violation in the circuit court.

¶ 17 III. CONCLUSION

¶ 18 The judgment of the circuit court of Kankakee County is affirmed.

¶ 19 Affirmed.