(No. 63960

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ALBERT L. JACKSON, Appellee.

*Opinion filed October 5, 1987.*

180

182

CUNNINGHAM, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield, and William Herzog, State's Attorney, of Kankakee (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Marcia L. Friedl, Assistant Attorneys General, of Chicago, and John X. Breslin, Howard R. Wertz and Kenneth R. Boyle, of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Kenneth D. Brown, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE RYAN delivered the opinion of the court:

We granted the State leave to appeal from a decision of the appellate court (144 Ill. App. 3d 131), which affirmed a ruling by the circuit court of Kankakee County granting defendant Albert Jackson's motion to dismiss

one of two reckless homicide counts on grounds of double jeopardy.

Albert L. Jackson, the defendant, and Frederick Fisher were in a motor vehicle operated by Jackson on November 12, 1982. The vehicle struck a tree, and Fisher was killed. The defendant, Jackson, was issued uniform traffic complaint citations for driving under the influence (DUI) (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501) and illegal transportation of alcohol (Ill. Rev. Stat. 1981, ch. 95½, par. 11—502).

The defendant was held in jail until the following Monday, November 15, 1982, when he was scheduled to appear before a circuit court judge. At this appearance the defendant, who was unrepresented by counsel, pleaded guilty to the charges. He was admonished by the judge as to his guilty pleas. The judge accepted the pleas and set a sentencing date for December 28, 1982. On December 8, 1982, however, in the defendant's absence and without notice to the defendant, the State moved to enter a *nolle prosequi* to both charges, which motion was granted. On December 20, 1982, the defendant was indicted on two counts of reckless homicide. Count I alleged that by recklessly swerving, the defendant caused his car to strike a tree, thereby causing the death of the passenger, Frederick Fisher. Count II alleged that defendant's reckless act was driving under the influence, which caused him to swerve, strike a tree and cause his passenger's death.

Defendant's motion to dismiss count II on double jeopardy grounds was granted. The court also ruled that evidence of driving under the influence and illegal transportation of alcohol could not be used as to count I. The appellate court affirmed these rulings and, as noted, we granted the State leave to appeal.

According to one commentator, there has been apparent confusion in this court concerning our double jeop-

ardy analysis, as evidenced by our holdings in *People v. Mueller* (1985), 109 Ill. 2d 378, *People v. Zegart* (1980), 83 Ill. 2d 440, *In re Vitale* (1978), 71 Ill. 2d 229, and *People v. Gray* (1977), 69 Ill. 2d 44. See Eisenberg, *Multiple Punishments for the "Same Offense" in Illinois*, 11 S. Ill. U. L.J. 217 (1987).

To a degree, what the author of the above article sees as confusion can be attributed to some language of the Supreme Court in *Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260, which appears to be inconsistent with, or at least to qualify, the holding of that case. *Vitale* reaffirmed the Supreme Court's holding in *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180, that the double jeopardy test focuses on the proof necessary to prove the *elements of the offense*, rather than on the actual evidence presented at trial. The Supreme Court, in *Vitale*, seemed to qualify that test by stating:

> "[I]f in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, Vitale would have a substantial claim of double jeopardy ***." *Illinois v. Vitale* (1980), 447 U.S. 410, 421, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267.

This court relied on this language in *People v. Zegart* (1980), 83 Ill. 2d 440, 443, in holding a prosecution for reckless homicide barred because the State conceded that in proving reckless homicide it would rely on the fact that the defendant had driven across the median strip, which had been the basis of his earlier traffic conviction. It is apparent that the *dicta* of *Vitale* quoted above and relied on by this court in *Zegart*, carries little weight with the Supreme Court since it has not been cited by that court in subsequent decisions, and is not consistent with the court's decisions either before or after *Vitale*. (See Eisenberg, *Multiple Punishments for the*

*"Same Offense"* in *Illinois*, 11 S. Ill. U. L.J. 217, 247 (1987).) In *Thigpen v. Roberts* (1984), 468 U.S. 27, 82 L. Ed. 2d 23, 104 S. Ct. 2916, the Supreme Court had granted *certiorari* to consider a holding of the Court of Appeals for the Fifth Circuit, which relied on the *dicta* of *Illinois v. Vitale*, as this court did in *Zegart*. The Court of Appeals had affirmed a reversal of a conviction on double jeopardy grounds because "proof of manslaughter required proof of all of the elements of reckless driving, of which [the defendant] had already been convicted." (*Thigpen v. Roberts* (1984), 468 U.S. 27, 29, 82 L. Ed. 2d 23, 28, 104 S. Ct. 2916, 2918.) The Supreme Court avoided the double jeopardy issue by affirming the reversal of the conviction on other grounds. In dissent, Justice Rehnquist noted that the *dicta* in *Illinois v. Vitale* created ambiguities and noted that he could not say that the *dicta* was entirely consistent with other language in the opinion. *Thigpen v. Roberts* (1984), 468 U.S. 27, 35-37, 82 L. Ed. 2d 23, 32, 104 S. Ct. 2916, 2921-22 (Rehnquist, J., dissenting).

The Supreme Court denied a petition for writ of *certiorari* from our holding in *Zegart*; however, Chief Justice Burger, joined by Justices Blackmun and Rehnquist, dissented from that denial, using rather firm language indicating strong disagreement with this court's focus on the evidence to be used in proving the respective offenses, instead of the statutory elements of the offenses. See *Illinois v. Zegart* (1981), 452 U.S. 948, 69 L. Ed. 2d 961, 101 S. Ct. 3094 (Burger, C.J., dissenting, joined by Blackmun and Rehnquist, JJ.).

Much of the difficulty in double jeopardy analysis springs from the difficulty courts have faced in defining the term "same offense." (Thomas, *The Prohibition of Successive Prosecutions for the Same Offense: In Search of a Definition*, 71 Iowa L. Rev. 323 (1985).) The United States Supreme Court, in vacating and remanding the

decision of this court in *In re Vitale* on Federal constitutional double jeopardy grounds, stated that the traditional *Blockburger* test for "same offense" analysis focuses on the proof necessary to prove the *statutory elements* of each offense, rather than on the actual evidence to be presented at trial. *Illinois v. Vitale* (1980), 447 U.S. 410, 416, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2265.

The Supreme Court, in its *Illinois v. Vitale* analysis, heavily employed the reasoning from three of its previous cases. These were *In re Nielsen* (1889), 131 U.S. 176, 33 L. Ed. 118, 9 S. Ct. 672, a case involving bigamy and a subsequent adultery prosecution; *Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221, a case involving joyriding and a subsequent auto theft prosecution; and *Harris v. Oklahoma* (1977), 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912, a case involving felony-murder and a subsequent robbery prosecution where the underlying felony giving rise to the felony-murder charge was the same robbery.

In *Illinois v. Vitale*, the Supreme Court explained the constitutional analysis for determining the question of the "same offense." First, if, as a matter of law, the first lesser offense is always a necessary element of the second greater offense, then the two are the same under *Blockburger*, and a successive prosecution for the greater offense would constitute double jeopardy under the principles of *Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221. (*Illinois v. Vitale* (1980), 447 U.S. 410, 420, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267.) Recently, in *People v. Mueller* (1985), 109 Ill. 2d 378, 388, we stated that this test refers to the statutory elements of the offenses charged.

In *Vitale*, the Supreme Court explained its holding in *Harris v. Oklahoma* (1977), 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912, where the statutory elements of

felony-murder did not, on the face of the statute, require proof of the robbery which was the underlying felony for the prosecution in that case. Other felonies under that statute would also support a felony-murder conviction. The Court called this a "species of lesser-included offense." (*Illinois v. Vitale* (1980), 447 U.S. 410, 420, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267.) We recognized in our opinion in *People v. Mueller* (1985), 109 Ill. 2d 378, this *Harris*-type analysis is for use in limited circumstances, *i.e.*, when the first offense, with its concomitant elements, becomes itself the element necessary to prove the second offense. (109 Ill. 2d 378, 389.) Our analysis in *Mueller* was careful to point out that double jeopardy is not violated when there is a substantial overlap in the proof used in successive prosecutions for distinct crimes unless there is an issue of collateral estoppel. *People v. Mueller* (1985), 109 Ill. 2d 378, 387, citing *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189; *Ianelli v. United States* (1975), 420 U.S. 770, 785 n.17, 43 L. Ed. 2d 616, 627 n.17, 95 S. Ct. 1284, 1293 n.17.

Thus, under these decisions of the Supreme Court, to define the elements of the offenses for double jeopardy purposes, we look not only to the statutory elements but also to the elements of the species of lesser-included offenses referred to in *Harris v. Oklahoma* (1977), 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912. Under *Nielsen* and *Harris*, if a person is convicted of the more serious offense, he may not be subsequently prosecuted for an offense consisting solely of one or more of the elements of the crime for which he has already been prosecuted. Under *Brown*, the reverse is also true. If the defendant has been convicted of a lesser-included offense, he may not be thereafter prosecuted for the greater offense. *Illinois v. Vitale* (1980), 447 U.S. 410, 421, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267.

In *Vitale*, the Supreme Court noted that in *Brown v. Ohio* the Ohio Supreme Court held that under their criminal statute, every element of the crime of joyriding was also an element of the crime of auto theft, and that to prove auto theft one need prove, in addition to joyriding, only the intent to permanently deprive the owner of possession. *Illinois v. Vitale* (1980), 447 U.S. 410, 417, 65 L. Ed. 2d 228, 236, 100 S. Ct. 2260, 2265.

Before reaching the merits of the double jeopardy issue, we must first dispose of the State's contention that the defendant was never put in jeopardy on the DUI charge because the State had entered a *nolle prosequi* to that charge after the defendant's plea and before sentence had been imposed. It is the State's position that in view of this set of facts, no judgment of conviction has been entered and no jeopardy attached.

In *People v. Chatman* (1967), 38 Ill. 2d 265, 270, this court said that the concept of jeopardy requires that the accused be placed on trial for the offense charged at a judicial proceeding aimed at reaching a final determination of his guilt or innocence of that offense. In this State, where the defendant's case is heard without a jury, jeopardy attaches when the accused is subjected to a charge and the court has begun to hear evidence. (*People v. Laws* (1963), 29 Ill. 2d 221, 224.) In cases tried before a jury, jeopardy attaches when the jury has been impaneled and sworn. (*People v. Friason* (1961), 22 Ill. 2d 563, 565.) In both situations, whether the case is tried before a jury or by the court, it is not necessary, for jeopardy to attach, that a judgment of guilty or not guilty be entered.

When an accused enters a plea of guilty he is, in effect, waiving his right to trial either by a jury or by the court. Although this court has noted that the effects of a guilty plea are not necessarily the same as a finding of guilty by the court or by a jury insofar as other charges

than those to which the plea is entered are concerned, this court has held that jeopardy attaches at the time the guilty plea is accepted by the court, but only as to the crime to which the plea was entered. (*People v. McCutcheon* (1977), 68 Ill. 2d 101, 106.) In our case, the defendant had been admonished as to the effect of his plea of guilty. He persisted in his plea of guilty and it was accepted by the court. Nothing further remained to be done to determine the defendant's guilt of the offense charged. Clearly, the defendant had been put in jeopardy as to the DUI and illegal transportation of alcohol offenses.

In considering the effect of the plea of guilty on the reckless homicide charges that were filed against the defendant, as noted above, the holdings of the Supreme Court teach that we must focus on the elements of the offenses charged and not on the evidence that may possibly be introduced to prove the charges. In *People v. Mueller*, this court reaffirmed our adherence to, and noted the continued vitality of, the *Blockburger* test and considered that under the decisions of the Supreme Court, the double jeopardy prohibition is violated only when the less serious offense is a necessary element of the other. (*People v. Mueller* (1985), 109 Ill. 2d 378, 390.) We also noted in *Mueller* that in limited circumstances, courts may look beyond the face of the statutes involved to the elements actually necessary to establish the charges to determine whether double jeopardy principles have been violated. *People v. Mueller* (1985), 109 Ill. 2d 378, 389, citing *Harris v. Oklahoma* (1977), 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912.

Focusing on the statutory elements of reckless homicide and DUI, we see that the two offenses are not the same. Reckless homicide (Ill. Rev. Stat. 1981, ch. 38, par. 9—3) requires the killing of an individual without lawful justification by the reckless use of a motor vehi-

cle. The performance of these acts while under the influence of alcohol is not a statutory element of the crime of reckless homicide.

Our analysis cannot end there, however. We must also consider the DUI plea in light of *Harris v. Oklahoma* (1977), 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912. In other words, is DUI a "species of lesser-included offense" as the Supreme Court, in *Illinois v. Vitale*, described robbery when it explained its holding in *Harris v. Oklahoma*? Did this conviction of DUI automatically establish one or more of the essential elements of reckless homicide? We conclude that it did not.

In the reckless homicide statute prior to 1985 (Ill. Rev. Stat. 1981, ch. 38, par. 9—3), the significance of driving under the influence of alcohol was not mentioned. Therefore, evidence of driving under the influence of alcohol would only constitute evidence of reckless conduct by the defendant, and such evidence would not be necessary for a conviction. It would not be a necessary element of the offense or a "species of a lesser-included offense." In proving the reckless conduct, if relevant, evidence of driving under the influence could be introduced in the same manner as other relevant evidence of reckless conduct, such as speed, erratic driving, etc. However, proof of driving under the influence would not automatically establish reckless conduct because one may be driving under the influence of alcohol and still be driving within the speed limits, within his own lane of traffic, and driving in a careful and nonerratic manner.

In 1985, however, the reckless homicide statute was amended, and driving under the influence of alcohol is now specifically mentioned. The statute now provides that being under the influence of alcohol at the time of the alleged violation "shall be prima facie evidence of a reckless act." (Ill. Rev. Stat. 1985, ch. 38, par. 9—3(b).) Thus, a conviction of DUI is still only evidence of the

reckless act. True, such a conviction is *prima facie* evidence, but it is not conclusive. The conviction does not establish an essential element of reckless homicide, that is, a reckless act. The *prima facie* evidence may be rebutted by showing that although the accused was under the influence of alcohol when he performed the acts causing the death of another, the acts were not in fact performed recklessly.

In *Mueller*, we noted that a homicidal concealment is not an offense consisting solely of one or more of the elements of murder. (*People v. Mueller* (1985), 109 Ill. 2d 378, 390.) Here we must likewise conclude that DUI is not an offense consisting solely of one or more of the elements of reckless homicide. It may be that the proof that will be used to establish the reckless homicide charges against the defendant will be that the defendant operated the motor vehicle while under the influence of alcohol. That, however, does not constitute double jeopardy. The Supreme Court cases discussed above teach that in considering double jeopardy, we must focus on the elements of the offense and not on the proof that will or may be used to prove the charge. To the extent that *People v. Zegart* (1980), 83 Ill. 2d 440, conflicts with the holding in this case, *Zegart* is overruled.

In addition to the double jeopardy issue, the State also contends that prosecutions for the reckless homicide charges are not, as contended by defendant, barred by the provisions of our compulsory-joinder statute (Ill. Rev. Stat. 1981, ch. 38, par. 3—3), and by section 3—4 of our Criminal Code (Ill. Rev. Stat. 1981, ch. 38, par. 3—4), which bars prosecution in certain instances where the defendant had been formerly prosecuted for an offense which section 3—3 of the Criminal Code requires to be joined.

Much of the State's argument on this point revolves around the premise that section 3—4(b) cannot apply be-

cause there was no conviction or acquittal in the DUI case, as there was an entry of the *nolle prosequi*. For this reason, the State says the compulsory-joinder statute, section 3—3(b), cannot apply. We have already held that jeopardy attached here and that the entry of the *nolle prosequi* was an improper termination. This, however, does not end the analysis. The central problem appears to be that the State and the defendant have argued this case assuming that DUI is a lesser-included offense of reckless homicide for double jeopardy purposes. We have ruled that it is not.

Further there is the underlying assumption in the argument that a charge in a traffic ticket is the type of offense referred to in our compulsory-joinder statute (section 3—3), which compulsory joinder is then referable to section 3—4, which bars further prosecution in certain instances of offenses that should have been joined. We hold today that the compulsory-joinder provisions of section 3—3 do not apply to offenses that have been charged by the use of a uniform citation and complaint form provided for traffic offenses. (See 107 Ill. 2d R. 552.) These uniform citation and complaint forms are intended to be used by a police officer in making a charge for traffic offenses and certain misdemeanors and petty offenses. An accused cannot be charged with a felony by the use of a uniform citation form. (*People v. Pankey* (1983), 94 Ill. 2d 12, 17.) The traffic ticket (uniform citation and complaint) issued by a police officer constitutes a complaint to which a defendant may plead. (*People v. Pankey* (1983), 94 Ill. 2d 12, 17; Ill. Rev. Stat. 1981, ch. 38, par. 111—3(b).) All prosecution for felonies must be by information or indictment. Ill. Rev. Stat. 1981, ch. 38, par. 111—2(a).

The language of the compulsory-joinder statute requires joinder of offenses only if the several offenses are known to the proper prosecuting officer at the time of

the commencement of the prosecution. (Ill. Rev. Stat. 1981, ch. 38, par. 3—3(b).) It is the State's Attorney who has the responsibility to commence and prosecute all actions in which the people of the State or the county may be concerned. (Ill. Rev. Stat. 1981, ch. 14, par. 5(1).) While it is clear from the committee comments that section 3—3 was meant to "establish an addition to the grounds of double jeopardy in this State" (Ill. Ann. Stat., ch. 38, par. 3—4, Committee Comments, at 217 (Smith-Hurd 1972)), it is equally clear from the comments to section 3—3 that the statute contemplates active involvement by a proper prosecuting officer.

It should be remembered that this. statute was written prior to our 1970 Constitution, which established a single unified trial court—the circuit court (Ill. Const. 1970, art. VI, sec. 1)—and prior to our rules for traffic and conservation offenses, which were adopted in 1967 (107 Ill. 2d R. 501 *et seq.*). Therefore, while it is obvious that section 3—3 was intended by the legislature to curtail abuses of prosecutorial discretion, it is also obvious that this statute, discussing prosecutions within the jurisdiction of a *single court*, conducted by *proper prosecuting officers*, did not contemplate the changes that were to occur in our legal system. We do not believe that the legislature intended that a driver could plead guilty to a traffic offense on a traffic ticket issued by a police officer and thereby avoid prosecution of a serious offense brought by the State's Attorney, such as reckless homicide, through the use of sections 3—3 and 3—4 of the Criminal Code. *People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 503.

For the reasons stated, we reverse the judgments of the appellate court and the circuit court, which dismissed count II of the reckless homicide indictment and which prohibit the use of evidence of driving under the influ-

194

ence and of illegal transportation of alcohol. We remand this cause to the circuit court of Kankakee County.

*Judgments reversed;*
*cause remanded.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.