# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Kazenko*, 2012 IL App (3d) 110529

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. AARON S. KAZENKO, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-11-0529 |
| Filed | July 2, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was initially charged by way of a uniform traffic ticket with driving under the influence of drugs and alcohol, and on the scheduled trial date, more than 160 days after defendant's speedy trial demand, the State was allowed to file an information charging driving under the influence of alcohol, the dismissal of that charge on speedy trial grounds was reversed, because it was charged by an information, the compulsory-joinder rule did not apply, the speedy-trial period from the initial charge did not apply to the later charge, and the speedy-trial term was not violated as to that charge. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-DT-2060; the Hon. Joseph C. Polito, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Thomas D. Arado (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
|---|---|
| | Ted P. Hammel (argued) and David P. Smith, both of Brumund, Jacobs, Hammel, Davidson & Andreano, LLC, and Kristen N. Messamore, of Hammel Law Offices, P.C., both of Joliet, for appellee. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion. Justice Holdridge concurred in the judgment and opinion. Presiding Justice Schmidt specially concurred, with opinion. |

**OPINION**

¶ 1     Defendant, Aaron S. Kazenko, was charged by way of a traffic ticket with driving under the combined influence of alcohol and drugs (the DUI(a)(5) charge) (625 ILCS 5/11-501(a)(5) (West 2010)). On the scheduled trial date, more than 160 days after defendant had filed a speedy trial demand, the State was allowed leave to file an amended information to add a charge of driving under the influence of alcohol (the DUI(a)(2) charge) (625 ILCS 5/11-501(a)(2) (West 2010)) against defendant. Defendant filed a motion to dismiss the DUI(a)(2) charge on speedy-trial grounds. The trial court granted the motion to dismiss. The State brought this interlocutory appeal to challenge the trial court's ruling. We reverse the trial court's judgment and remand this case for further proceedings.

¶ 2                         FACTS

¶ 3     On December 19, 2010, defendant was charged with the original DUI(a)(5) charge in this case. The charge was brought against defendant on a uniform citation and complaint form, *i.e.*, a traffic ticket, which was filled out by the arresting officer. The DUI(a)(5) ticket alleged that defendant was driving a motor vehicle while under the combined influence of alcohol and drugs. Defendant was released from custody on bond or recognizance on the original DUI(a)(5) charge while the case was pending.

¶ 4     On December 20, 2010, defendant filed a written speedy-trial demand as to the original DUI(a)(5) charge and served notice of the demand upon the State. In court, the case was continued on two occasions and the speedy-trial period was tolled by agreement. The case was eventually set for a trial date of June 3, 2011. The speedy-trial term was tolled on the original DUI(a)(5) charge from the initial court date of February 4, 2011, to the bench trial date of June 3, 2011.

¶ 5     On June 2, 2011, the State filed an emergency motion for leave to file an amended information so that it could add a charge of DUI(a)(2) against defendant. When the case was before the trial court the following day, the State was allowed to file the amended information over defendant's objection. Defendant subsequently moved to dismiss the DUI(a)(2) charge on speedy-trial grounds. A hearing was held on the motion to dismiss. At the conclusion of the hearing, the trial court found that the DUI(a)(2) charge was a new or additional charge for speedy-trial purposes and granted defendant's motion to dismiss the DUI(a)(2) charge on speedy-trial grounds. The State filed a certificate of impairment and brought this interlocutory appeal to challenge the trial court's ruling.

¶ 6                                    ANALYSIS

¶ 7     On appeal, the State argues that the trial court erred in granting the motion to dismiss the DUI(a)(2) charge on speedy-trial grounds. The State asserts that the trial court erred in finding that the speedy-trial term had been violated as to the subsequent DUI(a)(2) charge because: (1) the compulsory-joinder rule, upon which the trial court's speedy-trial determination was made, does not apply to the charges in the present case because the original DUI(a)(5) charge was brought by way of a uniform citation and complaint form; and (2) even if the compulsory-joinder rule applies in the present case, the delays attributable to defendant as to the original DUI(a)(5) charge are also attributable to defendant as to the subsequent DUI(a)(2) charge because DUI is but a single offense and the subsequent DUI(a)(5) charge was not a new and additional charge that would have caused surprise to defendant or required additional preparation.

¶ 8     Defendant argues that the trial court's grant of the motion to dismiss was proper and should be affirmed. Defendant asserts that: (1) the State forfeited the uniform-citation argument by failing to raise it in the trial court; (2) even if the uniform-citation argument is not forfeited, that rule does not apply here because the rationale for the rule is not applicable in the present case; and (3) the prior delay is not attributable to defendant on the later-filed DUI(a)(2) charge because the DUI(a)(2) charge is a new and additional charge that requires significantly different proof and gives rise to distinctly different defenses.

¶ 9     In reply, the State asserts that its uniform-citation argument is not forfeited, even if it was not specifically referenced in the trial court, because: (1) the trial court's failure to follow that rule renders the trial court's dismissal order void; and (2) it is intertwined with the issue of whether defendant's speedy-trial rights were violated. In the alternative, the State asserts that this court should consider the merits of its argument, regardless of any possible forfeiture, because the issue before this court involves only a question of law, a matter of statutory construction of the compulsory-joinder statute, and because the trial court's allegedly erroneous decision affected the substantial rights of the State in bringing appropriate charges against defendant.

¶ 10    A trial court's ruling on a motion to dismiss a charge is generally subject to an abuse of discretion standard of review on appeal. *People v. King*, 366 Ill. App. 3d 552, 554 (2006). However, as in the instant case, when the facts are not in dispute and the question presented is one of law, the standard of review is *de novo*. *King*, 366 Ill. App. 3d at 554.

¶ 11 The issue in this case involves the interrelationship between the speedy-trial rule (725 ILCS 5/103-5 (West 2010)) and the compulsory-joinder rule (720 ILCS 5/3-3 (West 2010)). The speedy-trial rule provides, in pertinent part, that every defendant on bail or recognizance shall be tried within 160 days from the date he or she demands trial unless delay is occasioned by the defendant. 725 ILCS 5/103-5(b) (West 2010); *People v. Hall*, 194 Ill. 2d 305, 326 (2000). "Any period of delay found to be occasioned by the defendant tolls the applicable statutory period." *Hall*, 194 Ill. 2d at 327.

¶ 12 A calculation of the speedy-trial period becomes more complicated when multiple charges are filed against a defendant at different times. In a such a situation, it must be determined whether the compulsory-joinder rule applies. Under the compulsory-joinder rule, multiple charges against a defendant must be joined in a single prosecution if the following three conditions are satisfied: (1) the multiple charges are known to the prosecutor when the prosecution begins; (2) the charges are within the jurisdiction of a single court; and (3) the charges are based upon the same act. See 720 ILCS 5/3-3(b) (West 2010); *People v. Quigley*, 183 Ill. 2d 1, 7 (1998). If the compulsory-joinder rule applies, the multiple charges are subject to the same speedy-trial period, which begins to run when the demand for speedy trial is filed, even if some of the charges are brought at a later date. *Quigley*, 183 Ill. 2d at 13; *People v. Phipps*, 238 Ill. 2d 54, 66 (2010). Thus, when the compulsory-joinder rule applies, the filing of a subsequent charge does not give rise to a new, separate speedy-trial period relative to that charge. See *Quigley*, 183 Ill. 2d at 13; *Phipps*, 238 Ill. 2d at 66.

¶ 13 The rules for tolling the speedy-trial period are also more complicated if the compulsory-joinder rule applies. As our supreme court has stated:

" 'Where new and additional charges arise from the same facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges. Continuances obtained in connection with the trial of the original charges cannot be attributed to defendants with respect to the new and additional charges because these new and additional charges were not before the court when those continuances were obtained.' " *Phipps*, 238 Ill. 2d at 66 (quoting *People v. Williams*, 94 Ill. App. 3d 241, 248-49 (1981)).

In other words, when the compulsory-joinder rule applies, a delay that occurs on the original charge (or charges) and that is attributable to defendant will not toll the speedy-trial period as to a subsequent charge (or charges), if the delay occurred before the subsequent charge was filed because the subsequent charge was not before the court when the delay occurred. See *Phipps*, 238 Ill. 2d at 66. In such a situation, it cannot be assumed that the defendant would have agreed to the delay if the new charge had been pending. *Phipps*, 238 Ill. 2d at 67. The purpose of this rule, known as the *Williams* rule, is to prevent the defendant from being subject to a trial by ambush whereby the State could lull a defendant into a false sense of security on a lesser charge while actually preparing to file, and to go to trial on, a more serious charge. See *Phipps*, 238 Ill. 2d at 67.

¶ 14 The *Williams* rule, however, only applies when the original charge and the subsequent

charge are subject to the compulsory-joinder rule. *Phipps*, 238 Ill. 2d at 67. Thus, the *Williams* rule does not apply to offenses that are charged by a uniform citation and complaint form provided for traffic offenses because the compulsory-joinder rule does not apply to offenses charged in that manner. See *People v. Jackson*, 118 Ill. 2d 179, 192-93 (1987), *rev'd on other grounds*, *People v. Stefan*, 146 Ill. 2d 324, 336 (1992). This is because the language of the compulsory-joinder statute requires joinder only if the several offenses are known to the proper prosecuting officer, *i.e.* the State's Attorney, when the prosecution began. See *Jackson*, 118 Ill. 2d at 192-93. Uniform citation and complaint forms are filled out and filed by a police officer, not the State's Attorney, so compulsory joinder does not apply to offenses charged in that manner. See *Jackson*, 118 Ill. 2d at 192-93.

¶ 15   In the present case, it appears that at the hearing on the motion to dismiss, the trial court and the parties assumed that the compulsory-joinder rule applied to this case and that it required that the original DUI(a)(5) charge and the subsequent DUI(a)(2) charge be joined in a single prosecution. The legal effect of that assumption was that a single speedy-trial period applied to both of the DUI charges and that the speedy-trial period began to run on December 20, 2010, when defendant filed his demand for speedy trial. See *Quigley*, 183 Ill. 2d at 13; *Phipps*, 238 Ill. 2d at 66. Therefore, during arguments, the parties focused on whether the subsequent DUI(a)(2) charge was a new and additional charge for speedy-trial purposes, because if it was, the previous delay could not be attributed to defendant (see *Phipps*, 238 Ill. 2d at 66), the speedy-trial period would not have been tolled as to the DUI(a)(2) charge, and the speedy-trial period would have run as to the DUI(a)(2) charge before that charge was filed. Defendant argued that the DUI(a)(2) charge was a new and additional charge; the State took the opposite position; and the trial court ultimately agreed with defendant.

¶ 16   However, when the law set forth above is applied to the facts of the present case, it is apparent that the compulsory-joinder rule does not apply and that the trial court erred in granting the motion to dismiss the charge. The original DUI(a)(5) charge in this case was filed by way of a uniform traffic citation and complaint form. Therefore, the compulsory-joinder rule does not apply as between that charge and the subsequent DUI(a)(2) charge. See *Jackson*, 118 Ill. 2d at 192-93. The supreme court's statement on that issue in *Jackson* could not be any more clear (see *Jackson*, 118 Ill. 2d at 192), and we see no reason why that rule would not apply in the present case. Nor can we find that the rule from *Jackson* has been forfeited. Even if the State did not assert that rule in the trial court, it must be considered as it is intertwined with the issues of compulsory joinder and speedy trial and the law on those issues. To rule otherwise would be, essentially, to issue an advisory opinion as to the result that would be mandated under the law if the rule from *Jackson* did not exist. That, we cannot do. See *Barth v. Reagan*, 139 Ill. 2d 399, 419 (1990). Because the compulsory-joinder rule does not apply in this case, the speedy-trial period from the original DUI(a)(5) charge does not apply to the subsequent charge of DUI(a)(2). Thus, the State did not violate the speedy-trial term as to the DUI(a)(2) charge, and the motion to dismiss should have been denied. There is no need to consider, as the trial court did, whether the DUI(a)(2) charge was a new and additional charge for speedy-trial purposes.

¶ 17   For the foregoing reasons, we reverse the judgment of the circuit court of Will County

and remand this case for further proceedings consistent with this opinion.

¶ 18    Reversed and remanded.

¶ 19    PRESIDING JUSTICE SCHMIDT, specially concurring.

¶ 20    I agree with the decision of the majority to reverse and remand; I do not agree with their rationale. They rely on *People v. Jackson*, 118 Ill. 2d 179 (1987), *rev'd on other grounds*, *People v. Stefan*, 146 Ill. 2d 324 (1992). I am not sure compulsory joinder lies at the heart of this case. Nevertheless, the original charge of DUI(a)(5) gave defendant adequate notice of the DUI(a)(2) charge. Therefore, a trial on the DUI(a)(2) charge would not be a speedy-trial violation, and the result reached by the majority is correct.

¶ 21    The relevant issue in *Jackson* was whether a DUI charged by way of a uniform citation would require the compulsory joinder of a reckless homicide charge stemming from the same facts. *Jackson*, 118 Ill. 2d at 191-92. Section 3-3 of the Criminal Code of 1961 states: "If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution," unless the court orders the charges to be tried separately. 720 ILCS 5/3-3(b), (c) (West 2010). The *Jackson* court held that "the compulsory-joinder provisions of section 3-3 do not apply to offenses that have been charged by the use of a uniform citation." *Jackson*, 118 Ill. 2d at 192. The court went on to explain that a felony could not be charged by uniform citation; therefore, it was impossible for the officer writing a ticket for DUI to also charge the reckless homicide at the same time. *Id.*

¶ 22    The facts of this case are distinguishable. Here, the new charge was not a felony, which could not have been charged along with the original charge. The new charge here was another charge of DUI, which the charging officer was aware of at the time the original charge was made and able to charge. While a felony is not subject to compulsory joinder with a charge made by uniform citation, a charge of DUI(a)(2) may well be subject to compulsory joinder with a charge of DUI(a)(5), which was charged by uniform citation. It would seem that the same logic which supports the supreme court's decision in *Jackson* would not apply here in the case of two almost identical misdemeanors. Here, we do not have the State lying in the bushes with a more serious charge. However, I find no need to decide that issue to resolve this case. We can leave for the supreme court the issue of whether it really meant that two or more similar offenses arising out of the same incident are always exempt from the compulsory joinder rule simply because they are routinely charged by way of uniform citation.

¶ 23    In determining whether a charge is "new and additional" with respect to the right to a speedy trial, "[t]he focus is on whether the original charging instrument gave the defendant sufficient notice of the subsequent charges to prepare adequately for trial on those charges. If the original charging instrument gives a defendant adequate notice of the subsequent charges, the ability to prepare for trial on those charges is not hindered in any way." *People v. Phipps*, 238 Ill. 2d 54, 67 (2010). Where the original charge gives defendant notice of the subsequent charge, any delays attributable to the defendant for speedy-trial purposes on the

initial charge are also attributable to him on the subsequent charge. *Id.* at 69-70.

¶ 24 The defendant in this case was initially charged with DUI(a)(5), which consists of driving under the combined influence of alcohol and other drugs or intoxicating substances. 625 ILCS 5/11-501(a)(5) (West 2010). The State then added a charge of DUI(a)(2), which consists of driving while under the influence of alcohol. 625 ILCS 5/11-501(a)(2) (West 2010). The original charge put defendant on notice that he was charged with driving under the combined influence of alcohol and other drugs or intoxicating compounds. The addition of a charge that consists of driving while under the influence of only alcohol does not add any new elements. Defendant was on notice that the State alleged he drove under the influence of alcohol; it was an explicit element of the original charge. There was nothing to surprise the defendant in the charge of DUI(a)(2). I find it disingenuous for defendant to argue that he would not have been prepared to defend against an allegation that he was impaired by alcohol in light of the DUI(a)(5) charge. Therefore, all of the delays attributable to him on the original charge were also attributable to him on the subsequent charge, and no speedy-trial violation prevented trial on both charges.

¶ 25 The decision of the trial court should be reversed and the cause remanded; no speedy-trial violation occurred. I concur with the judgment of the majority.