2024 IL App (1st) 221809

FIFTH DIVISION
August 23, 2024

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

No. 1-22-1809

| | | |
|---|---|---|
| | ) | |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2021 CR 07552 01 |
| | ) | |
| TIMOTHY NIELSEN, | ) | Honorable |
| | ) | Shelley Sutker-Dermer, |
| Defendant-Appellant. | ) | Judge Presiding. |
| | ) | |

JUSTICE MIKVA delivered the judgment of the court, with opinion.
Presiding Justice Mitchell and Justice Lyle concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant Timothy Nielsen pled guilty to reckless driving at a hearing pursuant to a traffic ticket. He has moved to dismiss separate felony charges for attempted murder and aggravated battery that the State brought based on facts arising from the same incident as the ticket. He argues that section 3-3 of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/3-3 (West 2020)), the compulsory joinder statute, bars the State from pursuing felony charges.

¶ 2     In a written order, the circuit court denied Mr. Nielsen's motion. He filed an interlocutory appeal and, following an affirmance by this court, a petition for rehearing. For the reasons that follow, we affirm the circuit court's decision and deny the petition for rehearing.

¶ 3                                    I. BACKGROUND

¶ 4     On May 1, 2021, Mr. Nielsen was arrested. At that time, the police used uniform citation and complaint forms to issue Mr. Nielsen two tickets, one for reckless driving under section 11-503 of the Illinois Vehicle Code (625 ILCS 5/11-503 (West 2020)) and another for operating an uninsured vehicle under section 3-707 of the Vehicle Code (*id.* § 3-707). Two days later, the State charged Mr. Nielsen by complaint with four counts of attempted murder under sections 8-4 and 9-1 of the Criminal Code (720 ILCS 5/8-4, 9-1 (West 2020)). On June 1, 2021, the State obtained a superseding indictment charging Mr. Nielsen with four counts of attempted first degree murder (*id.*) and four counts of aggravated battery under section 12-3.05 of the Criminal Code (*id.* § 12-3.05(c)). The indictment alleged that Mr. Nielsen, "without lawful justification, with intent to kill, *** drove and accelerated a motor vehicle towards" four people, striking two, and that he committed aggravated battery with respect to those two individuals. Two of the aggravated battery charges were for knowingly causing bodily harm and two were for causing such harm with a deadly weapon, *i.e.*, a car.

¶ 5     On January 24, 2022, Mr. Nielsen appeared in municipal court and accepted a negotiated plea offer for the traffic citations. He pled guilty to reckless driving, and the State dropped the charge of operating an uninsured vehicle, recommending a sentence of two days in custody with time considered served. The State and Mr. Nielsen stipulated that there was a factual basis for the plea although there is nothing in the record about what that was. The court accepted the parties' negotiated plea deal and sentenced Mr. Nielsen to two days, with time considered served.

¶ 6     On August 19, 2022, Mr. Nielsen filed a motion to dismiss the indictment for attempted murder and aggravated battery. He argued that section 3-3 of the Criminal Code (*id.* § 3-3), as well as provisions of the United States Constitution (U.S. Const., amend. V) and Illinois Constitution

(Ill. Const. 1970, art. I, § 10), barred the State from pursuing the felony charges because the State was required to bring those charges in the same proceeding as the reckless driving charge to which Mr. Nielsen had already pled guilty. Mr. Nielsen argued that allowing the State to proceed on these felony charges violated the compulsory joinder statute (720 ILCS 5/3-3 (West 2020)) and constituted double jeopardy or was barred by collateral estoppel.

¶ 7      In a thorough written order, the circuit court found that, under *People v. Jackson*, 118 Ill. 2d 179 (1987), *overruled on other grounds by People v. Stefan*, 146 Ill. 2d 324 (1992), the compulsory joinder statute did not apply to offenses charged by uniform traffic citation. It further ruled that collateral estoppel did not apply to Mr. Nielsen's plea of guilty and double jeopardy did not apply because reckless driving was not a lesser included offense of either attempted murder or aggravated battery.

¶ 8      Mr. Nielsen filed an interlocutory appeal, pursuant to Illinois Supreme Court Rule 604(f) (eff. July 1, 2017), permitting a criminal defendant to appeal the denial of a motion to dismiss based on grounds of former jeopardy. The only claim that Mr. Nielsen is pursuing in this appeal is that this prosecution is barred by the compulsory joinder statute.

¶ 9                              II. JURISDICTION

¶ 10     The circuit court ruled on Mr. Nielsen's motion to dismiss the indictment on October 24, 2022, and Mr. Nielsen timely filed a notice of appeal from that order on November 21, 2022. We have jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013), Rule 604(f) (eff. July 1, 2017), and Rule 606 (eff. July 1, 2017), governing appeals in criminal cases on grounds of former jeopardy.

¶ 11                                              III. ANALYSIS

¶ 12    The compulsory joinder statute provides as follows:

> "(b) If the several offenses are known to the proper prosecuting officer at the time
> of commencing the prosecution and are within the jurisdiction of a single court, they must
> be prosecuted in a single prosecution, except as provided in Subsection (c) [(where the
> court may order a separate trial in the interest of justice)], if they are based on the same
> act." 720 ILCS 5/3-3(b) (West 2020).

¶ 13    Our supreme court has recognized, however, that the "compulsory-joinder provisions of
section 3-3 do not apply to offenses that have been charged by the use of a uniform citation and
complaint form provided for traffic offenses." *Jackson*, 118 Ill. 2d at 192.

¶ 14    Chief Justice Anne Burke explained the reasoning behind this rule in her recent special
concurrence in *People v. Rogers*, 2021 IL 126163, ¶ 60 (Anne M. Burke, C.J., specially
concurring, joined by Neville, J.). There, she said,

> "the joinder statute contemplates active involvement by the proper prosecuting officer at
> the commencement of the prosecution [citation] and the State's Attorney would not
> generally be an active participant at the time when charges are filed by a police officer by
> means of a uniform citation and complaint form, we [therefore] concluded [in *Jackson*]
> that compulsory joinder [does] not apply to offenses brought by uniform citation." *Id.*

¶ 15    In *Jackson*, a police officer issued the defendant a ticket charging him with two traffic
violations—driving under the influence and illegally transporting alcohol—following an auto
accident that led to the death of the defendant's passenger. *Jackson*, 118 Ill. 2d at 183. The
defendant pled guilty. *Id.* Before sentencing, and about three weeks later, the State nol-prossed
both misdemeanors and later indicted the defendant on felony charges of reckless homicide. *Id.*

The defendant moved to dismiss the indictment, arguing that compulsory joinder barred the State from pursuing the reckless homicide charges. *Id.* The circuit and appellate courts agreed, dismissing the indictment. *Id.*

¶ 16     Our supreme court reversed, holding that section 3-3 did not bar the felony prosecution. *Id.* at 193-94. The court pointed out that the language of the compulsory joinder statute requires joinder of offenses "only if the several offenses are known to the proper prosecuting officer at the time of the commencement of the prosecution." *Id.* at 192-93. In the court's view, the state's attorney, and not the police, was the "proper prosecuting officer" contemplated by section 3-3. *Id.* at 193. Thus, under the compulsory joinder statute, a uniform citation complaint issued by a police officer cannot mark the commencement of any felony prosecution and an offense listed on such a citation does not preclude the state's attorney from later bringing felony charges.

¶ 17     In support of this distinction, our supreme court pointed out how judicial reforms occurring after the statute's enactment altered section 3-3's application. Previously, Illinois was divided between a "confusing array" of courts whereby criminal actions and minor misdemeanors advanced in separate forums. 14 Ill. L. and Prac. *Creation of Court System; Restructuring* § 115 (August 2024 Update). After the statute's enactment, constitutional changes unified the circuit court and altered the statute's context. As the supreme court stated,

>          "It should be remembered that [section 3-3] was written prior to our 1970 Constitution, which established a single unified trial court—the circuit court [citation]— and prior to our rules for traffic and conservation offenses, which were adopted in 1967 [citation]. Therefore, while it is obvious that section 3-3 was intended by the legislature to curtail abuses of prosecutorial discretion, it is also obvious that this statute, discussing prosecutions within the jurisdiction of a *single court*, conducted by *proper prosecuting*

*officers*, did not contemplate the changes that were to occur in our legal system." (Emphases in original.) *Jackson*, 118 Ill. 2d at 193.

¶ 18    Section 3-3 did not therefore apply to traffic prosecutions initiated by police officers that would have, at the time of the statute's enactment, advanced in a separate court different from that of felony charges initiated by the state's attorney's office. In sum,

> "We do not believe that the legislature intended that a driver could plead guilty to a traffic offense on a traffic ticket issued by a police officer and thereby avoid prosecution of a serious offense brought by the State's Attorney, such as reckless homicide, through the use of section[ ] 3-3 *** of the Criminal Code." *Id.*

¶ 19    The situation in *Jackson* is the same as in Mr. Nielsen's case. In both cases, the police officer charged the defendant with misdemeanor traffic violations using traffic citation forms. *Id.* at 183. The state's attorney's office then later brought felony indictments. *Id.*

¶ 20    Mr. Nielsen tries to distinguish *Jackson* on two bases. He first argues that *Jackson* only applies to charges properly brought through the use of a uniform traffic citation and complaint form. Because the reckless driving charge to which Mr. Nielsen pled guilty was not specifically listed as a charge on the uniform traffic citation form, *Jackson* cannot apply.

¶ 21    The form itself is divided into several sections. Located at the center, a box lists 17 specific traffic offenses, including driving on a suspended or revoked license (625 ILCS 5/6-303(a) (West 2020)), driving under the influence (*id.* § 11-501(a)), and operating an uninsured vehicle (*id.* § 3-707). To charge any of these 17 offenses, a police officer need only fill out the rest of the form and check the appropriate box. The form also includes a separate box titled "Other Offenses" that requires a police officer to write in both the title and section of a traffic offense not listed among the 17 prelisted offenses.

¶ 22    In Mr. Nielsen's case, the issuing officer had to write "section 11-503" and "Reckless Driving" in the area of the form marked "Other Offenses" to charge Mr. Nielsen with reckless driving. The fact that reckless driving is not one of the 17 offenses specifically listed on the form does not change the fact that this was a misdemeanor charge issued by a police officer on a uniform traffic citation form. Thus, we reject Mr. Nielsen's first attempt to distinguish *Jackson.*

¶ 23    Mr. Nielsen's second and primary argument is that *Jackson* cannot apply here because the state's attorney's office, as the "proper prosecuting authority," was aware of all charges and the facts underlying those charges at all relevant times. According to Mr. Nielsen, from the time that Mr. Nielsen's traffic ticket prosecution began, the state's attorney was "actively involved" in the prosecution of those tickets. Mr. Nielsen points to a number of facts in support of this argument: (1) he was arrested for attempted murder at the same time that he was issued a citation for reckless driving; (2) the citation itself noted that it was issued under the authority of the People of the State of Illinois; (3) the police report that was generated following that arrest noted the traffic citations; (4) the state's attorney's office approved the felony charges two days later; (5) by the time the first court date was held on the traffic citation, the State had filed a felony complaint and obtained a superseding indictment for the felony charges; and (6) it was the state's attorney's office that prosecuted the traffic citation and worked out a plea deal with Mr. Nielsen on that charge.

¶ 24    We do not believe that any of these facts substantively distinguish *Jackson* or make joinder of the felony charges and the traffic ticket compulsory. While the court in *Jackson* did note that the compulsory joinder statute requires "joinder of offenses only if the several offenses are known to the proper prosecuting officer at the time of the commencement of the prosecution" (*Jackson*, 118 Ill. 2d at 192-93), the court drew a line between traffic offenses charged on tickets issued by police officers at the scene and felony charges later brought by the state's attorney. The timing of

when the state's attorney's office becomes aware of the facts that underlie the various charges is not determinative. Just as in *Jackson*, the felonies here could not have been part of the traffic citation that was issued at the scene. The fact that the state's attorney may have known of these traffic citations earlier in this case than in *Jackson* does not change the fact that the state's attorney did not issue that ticket or bring those charges. Moreover, the fact that the state's attorney had some role to play in the prosecution of the traffic tickets was equally true in *Jackson*, where it was the state's attorney who moved to nol-pros the traffic ticket charges. *Id.* at 183.

¶ 25    The distinction that Mr. Nielsen would have us draw would require a case-by-case inquiry into what the state's attorney knew about the traffic tickets issued and when that information was obtained. That seems unworkable and contrary to the straightforward line the supreme court drew in *Jackson*: the State is not barred by the compulsory joinder statute from bringing felony charges where a defendant has already been charged with traffic offenses by a police officer through a uniform citation and complaint form.

¶ 26    Mr. Nielsen cites *People v. Delhaye*, 2021 IL App (2d) 190271, to support his contention that *Jackson* is limited to those cases where the state's attorney learns new facts to support the felony charges after the traffic citation has been issued. There, a police officer issued the defendant a citation for failure to reduce speed following a traffic accident that resulted in the death of a minor. *Id.* ¶ 5. An investigation later revealed that the defendant had been texting at the time of the accident. *Id.* ¶ 67. The state's attorney then brought felony charges. *Id.* The court noted that compulsory joinder requires "knowledge of the possibility of additional charges when the defendant is initially charged," which could not have occurred there because the State did not possess knowledge of the text messaging until after the defendant was charged with the initial misdemeanors. *Id.* But in *Delhaye*, the state's attorney's newly acquired knowledge of the texting

was an additional reason that joinder was not compulsory. The *Delhaye* court also cited *Jackson* for the same reason we do, " 'that the compulsory-joinder provisions of section 3-3 do not apply to offenses that have been charged by the use of a uniform citation and complaint form provided for traffic offenses.' " *Id.* ¶ 59 (quoting *Jackson*, 118 Ill. 2d at 192).

¶ 27      Mr. Nielsen cites additional cases that raise issues around *Jackson*'s application but are inapplicable here. *People v. Kazenko*, 2012 IL App (3d) 110529, *People v. Thomas*, 2014 IL App (2d) 130660, and *Rogers*, 2021 IL 126163, all address whether *Jackson* applies when the state's attorney's office brings a superseding misdemeanor charge that—unlike felonies—could have theoretically been brought by the police officer that issued the uniform traffic citation. Each case assumes the precedential value of *Jackson*'s central holding—that when the State charges a defendant with a *felony* after a police officer issues a traffic citation, compulsory joinder does not bar the felony prosecution—while disagreeing about whether that rationale extends to misdemeanors. See *Kazenko*, 2012 IL App (3d) 110529, ¶ 14 (compulsory joinder "does not apply to [all] offenses that are charged by a uniform citation and complaint form provided for traffic offenses because the compulsory-joinder rule does not apply to offenses charged in that manner" (citing *Jackson*, 118 Ill. 2d at 192-93)); *Thomas*, 2014 IL App (2d) 130660, ¶ 22 (disagreeing with *Kazenko* and holding that compulsory joinder *does* apply where a misdemeanor charge is brought by the sheriff's deputy and then the State files another misdemeanor charge that could have been brought by the deputy at the same time as the original charge); *Rogers*, 2021 IL 126163, ¶¶ 31-32 (noting but not resolving the conflict). Whether *Jackson* applies when the state's attorney later brings a misdemeanor, rather than a felony charge, may still be a matter for debate. But that problem is not relevant here.

¶ 28      Mr. Nielsen also argues that *Jackson*'s application, at least in his case, would allow the

State to obtain inconsistent verdicts. Mr. Nielsen points out that the mental state for reckless driving is "willful or wanton disregard" for the safety of others (625 ILCS 5/11-503(a)(1) (West 2020)), which is inconsistent with the requisite mental states for attempted murder and aggravated battery, which require "intent" (720 ILCS 5/8-4(a) (West 2020)) to commit murder (*id.* § 9-1) and "knowing[ ]" action (*id.* § 12-3.05(a)) respectively. However, as our supreme court has recognized, a criminal defendant can be charged with a series of acts which require different mental states. See *People v. Spears*, 112 Ill. 2d 396, 405 (1986) (describing how a trier of fact "could rationally find separable acts accompanied by [separable] mental states to support all of the verdicts as legally consistent"). In the course of events on May 1, 2021, Mr. Nielsen could have engaged in some conduct that was reckless and other conduct that was intentional and knowing. The actions alleged in the indictments, which included driving with intent to kill and knowingly striking people with his car, were certainly not inherently in conflict with a charge of reckless driving.

¶ 29                    IV. DENIAL OF PETITION FOR REHEARING

¶ 30    After we issued our decision, Mr. Nielsen filed a petition for rehearing in which he argued that this court's application of *Jackson* went beyond our supreme court's decision and contradicted the plain language of section 3-3. Mr. Nielsen's argument is that *Jackson* is inapplicable because, in his case, as opposed to *Jackson*, the "proper prosecuting officer," *i.e.*, the Cook County State's Attorney's Office, had knowledge of the charged traffic offenses when it commenced the separate felony prosecution. We asked for an answer from the State and allowed Mr. Nielsen to file a reply. After considering these additional briefs, we deny the petition and adhere to our initial decision.

¶ 31    In *Jackson*, our supreme court stated the following in unambiguous terms: "We hold today that the compulsory-joinder provisions of section 3-3 do not apply to offenses that have been

charged by the use of a uniform citation and complaint form provided for traffic offenses." *Jackson*, 118 Ill. 2d at 192. As this court has recognized since, "The supreme court's statement on that issue in *Jackson* could not be any more clear \*\*\*." *Kazenko*, 2012 IL App (3d) 110529, ¶ 16; accord *Delhaye*, 2021 IL App (2d) 190271, ¶ 69 ("nothing in *Jackson* limited the holding to cases in which the initial traffic charges were nol-prossed. Rather the court stated in no uncertain terms: 'We hold today that the compulsory-joinder provisions of section 3-3 do not apply to offenses that have been charged by use of a uniform citation and complaint form provided for traffic offenses' " (quoting *Jackson*, 118 Ill. 2d at 192)). As Mr. Nielsen recognizes, "a holding of the Illinois Supreme Court has the force of law," and we are not free to disregard it. *International Ass'n of Fire Fighters, Local 50 v. City of Peoria*, 2022 IL 127040, ¶ 19.

¶ 32   Our reading of *Jackson* is that our supreme court was aware of the tension that Mr. Nielsen points out between its holding and the language of the compulsory joinder statute. The supreme court simply considered that language in the context of the legislature's understanding and purpose. See *Stewart v. Industrial Comm'n*, 115 Ill. 2d 337, 341 (1987) ("the court may properly consider not only the language used in a statute, but also the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved"). As the supreme court specifically noted, and as we explained in our decision (*supra* ¶¶ 17-18), "[i]t should be remembered that this statute was written prior to our 1970 Constitution" (*Jackson*, 118 Ill. 2d at 193). The joinder statute did not therefore contemplate judicial reforms that would bring traffic offenses charged by police officers into the same court system as felonies charged by a state's attorney's office. The "fundamental aim of statutory construction is to ascertain and give effect to the intent of the legislature" (internal quotation marks omitted) (*Mickiewicz v. Generations at Regency, LLC*, 2020 IL App (1st) 181771, ¶ 15) and "[t]he meaning of a statute \*\*\* depends upon the intent of the

drafters *at the time of its adoption*" (emphasis in original and internal quotation marks omitted) (*Corbett v. County of Lake*, 2017 IL 121536, ¶ 25). In our view, the *Jackson* holding follows these fundamental rules of statutory construction and held that the statute did not apply where, as in this case, offenses were separately charged by the use of a uniform citation and complaint form provided for traffic offenses.

¶ 33    Mr. Nielsen would have us construe the holding in *Jackson* as limited to situations in which the state's attorney's office, as the proper prosecuting authority, had *no knowledge* of the traffic offenses—something he insists was true in *Jackson*. The supreme court, however, could have made this limitation part of the *Jackson* holding by simply adding that the compulsory joinder provisions of section 3-3 do not apply to offenses that have been charged by the use of a uniform citation and complaint form *where the proper prosecuting authority lacks knowledge of those offenses*. The supreme court did not do so. As the appellate court decision in *Jackson* makes clear, there was conflicting evidence as to whether the state's attorney was present when the defendant pled guilty to the traffic offenses. See *People v. Jackson*, 144 Ill. App. 3d 131, 134-35 (1986), *rev'd*, 118 Ill. 2d 179. The fact that our supreme court never mentions, let alone resolves this controversy, only further confirms that the presence or absence of an assistant state's attorney in the courtroom during the proceedings related to the traffic offenses, which would certainly demonstrate knowledge by the "proper prosecuting authority," was not determinative.

¶ 34    Finally, Mr. Nielsen insists that hinging application of *Jackson* on whether the state's attorney had knowledge of the traffic citations is completely workable. Mr. Nielsen argues that the burden would be on defendants to show knowledge and absent a showing there would be no bar to bringing later felony charges. But we can imagine no reason that the office of the state's attorney of any county would not have presumptive knowledge of all traffic offenses charged in that county.

Thus, rather than a narrow exception to the *Jackson* holding, Mr. Nielsen is asking us to create an exception that swallows the rule—something we have no power to do. We therefore deny the petition for rehearing.

¶ 35                                    V. CONCLUSION

¶ 36    For the foregoing reasons, we affirm the circuit court's denial of Mr. Nielsen's motion to dismiss the indictment.

¶ 37    Affirmed.

*People v. Nielsen*, 2024 IL App (1st) 221809

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2021-CR-07552(01); the Hon. Shelley Sutker-Dermer, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Kieran M. Wiberg, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Matthew Connors, and Shannon Berkey, Assistant State's Attorneys, of counsel), for the People. |