NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190081-U

NO. 4-19-0081

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 26, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| ALEXIS O. BROWN, | ) | No. 17CF390 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    (1) Defendant waived appellate review of her claim that the trial court violated her right to a public trial because she affirmatively acquiesced to the actions taken by the trial court.

(2) The trial court erred in ordering defendant to serve 85% of her sentence for aggravated battery of a child.

¶ 2    In May 2017, a grand jury indicted defendant, Alexis O. Brown, on one count of aggravated battery of a child (720 ILCS 5/12-3.05(b)(2) (West 2014)), in that defendant knowingly and without legal justification burned A.Y., a child under the age of 13 years, with an iron causing him bodily harm or disfigurement.

¶ 3	At a bench trial in December 2018, the trial court found defendant guilty. The court later sentenced defendant to four years' imprisonment in the Illinois Department of Corrections (IDOC), to be served at 85%.

¶ 4	Defendant appeals, arguing the trial court (1) violated her constitutional right to a public trial when it questioned the appropriateness of defendant's young child remaining in the courtroom throughout defendant's bench trial and (2) erred when it sentenced defendant to serve 85% of her sentence when she was eligible to receive day-for-day credit.

¶ 5	We affirm in part, vacate in part, and remand with directions.

¶ 6	I. BACKGROUND

¶ 7	In May 2017, a grand jury indicted defendant on one count of aggravated battery of a child (720 ILCS 5/12-3.05(b)(2) (West 2014)), in that, on or about December 17, 2014, defendant knowingly and without legal justification burned A.Y., a child under the age of 13 years, with an iron causing him bodily harm or disfigurement.

¶ 8	In December 2018, the case proceeded to a bench trial.  At the outset of the proceedings, the following colloquy ensued between the trial court, defendant, her counsel Michael Harmon, and the prosecutor:

"THE COURT: 17-CF-390, People versus Alexis Brown.

Ms. Brown, what's going on?

MS. BROWN: Good morning.

THE COURT: Good morning.  Why do you have a child

with you?

MS. BROWN: I was at her daycare, and no one came to the

door.  I didn't know that she was going to be closed today.

THE COURT: We're about to go forward with a felony trial. I don't know if it's appropriate for a child to be sitting here throughout it. So what options do you have for someone to watch the child?

MS. BROWN: I can try to call someone to see if they can watch her.

THE COURT: Yeah. Let's do that. I'm not—I mean, you need to find someone to watch her. It's not a—we're not spending all morning back and forth on this. It's—this has been scheduled for a long time. We've had a lot of pretrials. Everyone's ready to go. This should have been taken care of in advance. So make a couple calls, but make sure it gets done.

MS. BROWN: Okay.

MR. HARMON: Judge, can we go on the record and find out who the daycare is so we can call, one of us can call her daycare and see if they're available?

* * *

MS. BROWN: Busy Bees.

MR. SHAW: Okay. So the owner of the Busy Bee[s], is one of the witnesses who is downstairs, just so the Court's aware.

THE COURT: They're not open, you're saying?

MS. BROWN: Yeah, I was just there at the house about 15 minutes ago ringing the bell. No one came to the door.

MR. HARMON: Well, we'll be able to find that out by having the State go down to talk to their witness whether or not they've open or not, I believe.

THE COURT: Well, let's get this problem solved right away. I'll be back in a couple minutes.

* * *

THE COURT: 17-CF-390, People versus Alexis Brown. Ms. Brown, you found accommodation for your child; is that correct?

MS. BROWN: Yes."

Following this exchange and without objection from defendant, trial proceedings commenced. Upon the conclusion of all of the parties' evidence and arguments, the court found defendant guilty of aggravated battery of a child.

¶ 9 In January 2019, the trial court sentenced defendant to four years' imprisonment, stating in part:

"Certain credits will apply against your sentence, including credit for any time served, which is allowed day-for-day credit if being calculated as a deduction from the total sentence imposed, or credit for time actually served is deducted from your net sentence after calculation of good time credits you will receive.

Under the truth-in-sentencing you are qualified, but not guaranteed, to receive 50% credit against your total sentence, a half day credit for every day you participate in educational or

vocational programs if available to you, and other credits under

[IDOC]'s separate jurisdiction."

The court subsequently issued a written sentencing judgment indicating defendant's sentence of four years' imprisonment to be served at 85%, "pursuant to 730 ILCS 5/3-6-3."

¶ 10        This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12                            A. Right to a Public Trial

¶ 13        Defendant first argues the trial court violated her constitutional right to a public trial when it questioned the appropriateness of defendant's young child remaining in the courtroom throughout defendant's bench trial. Defendant acknowledges she failed to contemporaneously object at trial and did not raise the issue in a written posttrial motion. See *People v. Bates*, 2018 IL App (4th) 160255, ¶ 69, 112 N.E.3d 657 ("[t]o preserve an alleged error for appeal, a defendant must object at trial and file a written posttrial motion"). Nevertheless, defendant contends her unpreserved claim may be addressed under the plain error doctrine. See Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court").

¶ 14        The State responds to defendant's plain error analysis request, arguing defendant waived, rather than forfeited, her alleged claim of error. Although the State concedes "defendant did not affirmatively waive her right to trial as to her baby," it nevertheless argues defendant waived the alleged error under the doctrine of invited error or affirmative acquiescence. The State asserts "defendant cannot now complain of an alleged error that she both (1) invited by bringing a baby to her trial *** and (2) acquiesced by attempting to find child care pretrial, offering to find child care at trial, and then, finding child care for trial." Further, the State

contends that by bringing the child to court without anyone to care for it, defendant put the trial court in a position of inevitable error and cannot now argue that plain error occurred.

¶ 15                                1. *Plain Error and Waiver*

¶ 16          "Generally, a defendant's failure to object at trial results in a forfeiture of the issue on appeal." *People v. Ely*, 2018 IL App (4th) 150906, ¶ 13, 99 N.E.3d 566.

> "[T]he plain-error doctrine bypasses normal forfeiture
> principles and allows a reviewing court to consider unpreserved
> error when either (1) the evidence is close, regardless of the
> seriousness of the error, or (2) the error is serious, regardless of the
> closeness of the evidence. In the first instance, the defendant must
> prove 'prejudicial error.' That is, the defendant must show both
> that there was plain error and that the evidence was so closely
> balanced that the error alone severely threatened to tip the scales of
> justice against him. The State, of course, can respond by arguing
> that the evidence was not closely balanced, but rather strongly
> weighted against the defendant. In the second instance, the
> defendant must prove there was plain error and that the error was
> so serious that it affected the fairness of the defendant's trial and
> challenged the integrity of the judicial process." *People v. Herron*,
> 215 Ill. 2d 167, 186-87, 830 N.E.2d 467, 479-80 (2005).

¶ 17          Defendant argues her contention is cognizable under the second prong. "When a defendant claims second-prong error, [she] must prove that a structural error occurred." *Bates*, 2018 IL App (4th) 160255, ¶ 72. "The defendant bears the burden of persuasion at all times

- 6 -

under the plain-error doctrine," and "[i]f the defendant fails to meet [her] burden, the issue is forfeited, and the reviewing court will honor the procedural default." *Bates*, 2018 IL App (4th) 160255, ¶ 73. Our supreme court has equated "the second prong of plain error review with structural error, asserting that 'automatic reversal is only required where an error is deemed "structural," *i.e.*, a systemic error which serves to "erode the integrity of the judicial process and undermine the fairness of the defendant's trial." ' [Citations.]" *People v. Thompson*, 238 Ill. 2d 598, 613-14, 939 N.E.2d 403, 413 (2010). "An error is typically designated as structural only if it necessarily renders a criminal trial fundamentally unfair or an unreliable means of determining guilt or innocence." *Thompson*, 238 Ill. 2d at 609.

¶ 18        Structural errors are recognized only in a very limited class of cases, including "a complete denial of counsel, trial before a biased judge, racial discrimination in the selection of a grand jury, denial of self-representation at trial, denial of a public trial, and a defective reasonable doubt instruction." *Thompson*, 238 Ill. 2d at 609. "Despite not being subject to harmless error analysis, public trial violations are subject to a 'triviality standard' " which, properly understood, "looks to 'whether the actions of the court and the effect that they had on the conduct of the trial deprived the defendant—whether otherwise innocent or guilty—of the protections conferred by the Sixth Amendment.' " *People v. Radford*, 2018 IL App (3d) 140404, ¶ 56, 117 N.E.3d 386 (quoting *Peterson v. Williams*, 85 F.3d 39, 42 (2d Cir. 1996)). "The protections conferred by the public trial guarantee are (1) to ensure a fair trial, (2) to remind the prosecutor and judge of their responsibility to the accused and the importance of their functions, (3) to encourage witnesses to come forward, and (4) to discourage perjury." *Radford*, 2018 IL App (3d) 140404, ¶ 56 (citing *Waller v. Georgia*, 467 U.S. 39, 46-47 (1984)).

¶ 19 However, "[a] plain error analysis applies only to cases involving forfeiture and not those that involve affirmative acquiescence or waiver." *People v. Schoonover*, 2019 IL App (4th) 160882, ¶ 15. "It is well settled that a party cannot acquiesce to the manner in which the trial court proceeds and later claim on appeal that the trial court's actions constituted error." *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 60, 129 N.E.3d 755. See *People v. Hughes*, 2015 IL 117242, ¶ 33, 69 N.E.3d 791 ("a party cannot complain of error that it brought about or participated in"). "Active participation in the direction of proceedings *** goes beyond mere waiver." *People v. Villarreal*, 198 Ill. 2d 209, 227, 761 N.E.2d 1175, 1184 (2001). "In determining whether a legal claim has been waived, courts examine the particular facts and circumstances of the case." *People v. Phipps*, 238 Ill. 2d 54, 62, 933 N.E.2d 1186, 1191 (2010).

¶ 20                                         2. *This Case*

¶ 21 In this case, we find defendant waived this challenge because defendant agreed to the procedure employed by the trial court and actively participated in the direction of the proceedings by making other arrangements for her child. At the outset of the bench trial proceedings, defendant arrived holding a small child. We note the presentence investigation report filed approximately one month after defendant's bench trial indicates the child was three years old. The court inquired as to the appropriateness of a child "sitting here throughout" the bench trial. When asked what options she had for someone to watch her child, defendant explained that she attempted to take the child to day care prior to trial but, after ringing the doorbell, no one came to the door. Defendant offered to find accommodations for the child, stating she could "try to call someone to see if they can watch [the child]." In responding to defendant's suggestion, the court answered, "Yeah.  Let's do that," and instructed defendant to make a couple of calls, which defendant agreed to, responding, "Okay." Following a brief

colloquy to determine the child's usual day care provider, and a brief recess, proceedings resumed. The court asked defendant whether she found accommodation for her child. Defendant responded, "Yes."

¶ 22         Given defendant's acquiescence, her argument on appeal is waived. We decline to address whether this situation would have warranted structural error review had defendant not acquiesced. See *United States v. Boyd*, 86 F.3d 719, 722 (7th Cir. 1996) (the "steps the court takes at the defendant's behest are not reversible, because they are not error").

¶ 23                            3. *Ineffective Assistance*

¶ 24         Alternatively, defendant argues, should this court find she waived her claim of error, we should review the waiver of her claim as the product of her counsel's ineffectiveness. See *Bates*, 2018 IL App (4th) 160255, ¶ 74 ("[W]hen defense counsel affirmatively acquiesces to actions taken by the trial court, any potential claim of error on appeal is waived and defendant's only available challenge is to allege that [she] received ineffective assistance of counsel").

¶ 25         A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, (1984). *People v. Henderson*, 2013 IL 114040, ¶ 11, 989 N.E.2d 192. To prevail on such a claim, "a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496, 931 N.E.2d 1198, 1203 (2010). To establish deficient performance, the defendant must show her attorney's performance fell below an objective standard of reasonableness. *People v. Evans*, 209 Ill. 2d 194, 219, 808 N.E.2d 939, 953 (2004) (citing *Strickland*, 466 U.S. at 687). To establish prejudice "[t]he defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Richardson*, 189 Ill. 2d

401, 411, 727 N.E.2d 362, 369 (2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome, namely, that counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair." *People v. Enis*, 194 Ill. 2d 361, 376, 743 N.E.2d 1, 11 (2000). See *Weaver v. Massachusetts*, 582 U.S.___, ___, 137 S. Ct. 1899, 1911 (2017). " 'Effective assistance of counsel refers to competent, not perfect representation.' " *Evans*, 209 Ill. 2d at 220 (quoting *People v. Stewart*, 104 Ill. 2d 463, 491-92, 473 N.E.2d 1227, 1240 (1984)). "Mistakes in trial strategy or tactics do not necessarily render counsel's representation defective." *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 10, 93 N.E.3d 664.

¶ 26                                        4. *This Case*

¶ 27          Defendant offers a single conclusory sentence in support of her argument, stating, "[i]f [defendant's] counsel had objected, [her] constitutional right to a public trial would have been preserved, and the trial court would not have excluded her daughter from the courtroom." Defendant relies on *People v. Evans*, 2016 IL App (1st) 142190, 69 N.E.3d 322, in support of her position.  The only issue the appellate court addressed in *Evans* was whether excluding an adult spectator from the courtroom during *voir dire* violated the right to a public trial where defense counsel contemporaneously objected to the closure *and* raised the issue in a written posttrial motion. *Evans*, 2016 IL App (1st) 142190, ¶¶ 1-5. Defendant does not argue her trial was otherwise fundamentally unfair or that the outcome would have been different had her child remained in the courtroom. Thus, defendant has failed to meet her burden to demonstrate she received ineffective assistance of counsel.

¶ 28                              B. Day-For-Day Sentencing Credit

¶ 29        Defendant next argues the trial court erred when it ordered her to serve her

sentence for aggravated battery of a child at 85%, denying her day-for-day credit against her

sentence. Again, defendant acknowledges she did not properly preserve the issue through a

contemporaneous objection or raise it in a written posttrial motion. The State waives its

forfeiture argument and requests we review the trial court's error. See *People v. Hancock*, 2014

IL App (4th) 131069, ¶ 124, 18 N.E.3d 941 (noting the State may raise, waive, or forfeit its

forfeiture argument).

¶ 30        In this case, the trial court found defendant guilty of aggravated battery of a child

pursuant to section 12-3.05(b)(2) of the Criminal Code of 2012 (720 ILCS 5/12-3.05(b)(2) (West

2014)). The court sentenced defendant to four years' imprisonment to be served at 85%,

"pursuant to 730 ILCS 5/3-6-3" of the Unified Code of Corrections (Code), which states in

pertinent part:

> "[A] prisoner serving a sentence for *** aggravated battery
>
> of a child as described in Section 12-4.3 or subdivision *(b)(1)* of
>
> Section 12-3.05 shall receive no more than 4.5 days of sentence
>
> credit for each month of his or her sentence of imprisonment.
>
> * * *
>
> For all offenses, other than those enumerated ***, the rules
>
> and regulations shall provide that a prisoner who is serving a term of
>
> imprisonment shall receive one day of sentence credit for each day
>
> of his or her sentence of imprisonment or recommitment under
>
> Section 3-3-9."  (Emphasis added.)  730 ILCS 5/3-6-3(a)(2)(ii), (2.1)
>
> (West 2014).

¶ 31    "When the statutory language is clear and unambiguous, a court must give effect to the statute's plain meaning without resorting to extrinsic statutory construction aids." *People v. Solis*, 2019 IL App (4th) 170084, ¶ 17. "Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Murphy-Hylton v. Lieberman Management Services, Inc.*, 2016 IL 120394, ¶ 25, 72 N.E.3d 323. "The construction of a statute is a question of law which is reviewed *de novo*." *People v. Bradford*, 2016 IL 118674, ¶ 15, 50 N.E.3d 1112. "Since the plain language of the statute is not ambiguous, we do not examine the legislative history." *Solis*, 2019 IL App (4th) 170084, ¶ 18.

¶ 32    Here, defendant was convicted of aggravated battery of a child pursuant to section 12-3.05*(b)(2)* of the Illinois Criminal Code and not section 12-3.05*(b)(1)*. 720 ILCS 5/12-3.05(b)(1), (b)(2) (West 2014). Thus, defendant was not subject to the 85% truth-in-sentencing provision. Therefore, on remand, the trial court should amend the written sentencing judgment to reflect defendant is entitled to day-for-day sentencing for her aggravated battery of a child conviction. See 730 ILCS 5/3-6-3(a)(2.1) (West 2014).

¶ 33                                III. CONCLUSION

¶ 34    For the reasons stated, we affirm the trial court's judgment, except we vacate that portion of the court's judgment requiring defendant to serve her aggravated battery of a child conviction at 85%. We remand the cause for the entry of an amended sentencing judgment consistent with this order.

¶ 35    Affirmed in part and vacated in part; cause remanded with directions.