2023 IL App (1st) 220357-U

No. 1-22-0357

Order filed April 13, 2023

Fourth Division

<u>**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).</u>

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| IN RE ADOPTION OF A.M.H., a Minor, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| DANNY KENNETH SIZEMORE, Jr. and ASIA VICTORIA SIZEMORE, | ) ) ) | 2012 COAD 70 |
| Petitioners-Appellees, | ) ) | |
| v. | ) ) | |
| ALEXIS OLIVIA BROWN, | ) ) | Honorable Maureen Kirby, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Trial court's finding of parental unfitness was not against the manifest weight of the evidence.

¶ 2    Respondent-appellant, Alexis O. Brown (Alexis), appeals *pro se* the trial court's judgment finding her to be an unfit parent to her minor daughter, A.M.H. For the reasons that follow, we

affirm.[1]

¶ 4 Alexis is the mother of A.M.H., born January 2016, and A.Y., born October 2012.[2]

¶ 5 In May 2017, Alexis was indicted by a grand jury for one count of aggravated battery of a child pursuant to section 12-3.05(b)(2) of the Illinois Criminal Code (720 ILCS 5/12-3.05(b)(2) (West 2014)). See *People v. Brown*, 2020 IL App (4th) 190081-U, ¶ 2 (unpublished order under Illinois Supreme Court Rule 23). The indictment alleged that Alexis "knowingly and without legal justification burned A.Y., a child under the age of 13 years, with an iron causing him bodily harm or disfigurement." *Id.* After a bench trial, Alexis was convicted of the offense and sentenced to four years' imprisonment. *Id.* ¶ 3.

¶ 6 Shortly after Alexis was incarcerated, A.M.H. began living with her maternal aunt, petitioner-appellee, Asia V. Sizemore (Asia), and Asia's husband, Danny K. Sizemore, Jr. (collectively, the Sizemores). Asia was appointed A.M.H.'s guardian in November 2020.

¶ 7 In February 2021, the Sizemores filed a petition to adopt A.M.H. pursuant to the Adoption Act (750 ILCS 50/1 *et seq.* (West 2020)). The petition alleged that Alexis was an unfit parent for two separate reasons: (1) her failure to maintain a reasonable degree of interest, concern or responsibility as to the child's welfare (750 ILCS 50/1(D)(b) (West 2020)); and (2) depravity, based on her conviction for aggravated battery of a child under the age of thirteen (750 ILCS 50/1(D)(i) (West 2020)). For the same reasons, the Sizemores contended that Alexis's consent to the adoption was not required.

¶ 8 In response, Alexis filed a petition and motion to discharge Asia's guardianship of A.M.H.

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

[2]The children's father or fathers are not parties to this appeal.

Alexis maintained that her mother, Tasha Kimbrough, should be appointed A.M.H.'s guardian. Alexis claimed that her mother had recently adopted her son A.Y., her mother was willing to take full responsibility for A.M.H., and Alexis wanted her children to be together. Likewise, Kimbrough filed a petition for guardianship of A.M.H.

¶ 9     The guardian *ad litem* (GAL) for A.M.H. submitted a report to the trial court recommending that Asia's guardianship not be terminated. The GAL opined that it would not be in the minor's best interest to terminate guardianship because of A.M.H.'s young age and the Sizemores were the only parents she had ever known. The GAL also noted that Alexis failed to keep in contact with her daughter while incarcerated and, as a result, A.M.H. did not know her.

¶ 10     The GAL acknowledged that A.M.H. had a positive relationship with Kimbrough, her maternal grandmother. However, the GAL added that Kimbrough would likely be unable to provide A.M.H. the level of individual attention and care that she was receiving from the Sizemores since Kimbrough was already caring for two minor children, had limited income, and was working full time. The GAL also stated that Kimbrough's equivocation as to whether she believed that Alexis had burned A.Y. with an iron gave him concern that Kimbrough might allow Alexis to have unsupervised visitation with A.M.H. Overall, the GAL concluded that removing the child from the Sizemores' care would cause her "irreparable pain," and that Alexis and Kimbrough had failed to provide any substantive reasons why A.M.H. "should be put through such an ordeal."

¶ 11     Alexis filed a response to the petition for adoption, denying the allegations of unfitness. Following a fitness hearing, the trial court entered an order finding Alexis to be an unfit parent under both grounds alleged in the petition for adoption. After a subsequent best-interest hearing,

the court entered an order finding that it was in the best interest of A.M.H. to terminate Alexis's parental rights. This appeal followed.

¶ 15    On appeal, Alexis challenges only the order finding her unfit to parent A.M.H. Thus, we limit our review to that issue. See, *e.g.*, *In re Brandon K.*, 2017 IL App (2d) 170075, ¶ 23 (limiting analysis to unfitness finding when appellant did not challenge best-interests determination).

¶ 16    "Parental unfitness must be proven by clear and convincing evidence." *In re Adoption of K.B.D.*, 2012 IL App (1st) 121558, ¶ 196. "The trial court's determination of parental unfitness involves factual findings and credibility assessments that the trial court is in the best position to make." *In re Katrina*, 364 Ill. App. 3d 834, 842 (2006). Therefore, "[a] reviewing court will not disturb the trial court's fitness finding unless it is against the manifest weight of the evidence*." In re T.D.*, 268 Ill. App. 3d 239, 245 (1994). A "finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or the determination is unreasonable, arbitrary, and not based on the evidence presented." *In re Katrina*, 364 Ill. App. 3d at 842.

¶ 17    In this case, the trial court's order indicates that it found Alexis unfit to parent A.M.H. based on its review of the evidence, witness testimony, and arguments of counsel. However, the record Alexis submitted and supplemented does not contain a transcript of the fitness hearing, a report of the proceedings, a bystander's report, or an agreed statement of facts from the hearing. See Ill. S. Ct. R. 323 (eff. July 1, 2017) (permitting the filing of a bystander's report or agreed statement of facts in lieu of a transcript).

¶ 18    Alexis, as the appellant, has the burden of presenting a sufficiently complete record of the lower court proceedings to support any claims of error; absent such record, we must presume that the trial court's order conforms with the law and is supported by a sufficient factual basis. *Foutch*

*v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record are resolved against the appellant. *Id*.

¶ 19    Without a transcript or report of the proceedings from the fitness hearing, we have no knowledge of the arguments made before the trial court or what testimony or evidence was presented at the hearing. We also lack knowledge of any factual findings or the reasoning underlying the trial court's ultimate ruling. Under such circumstances, we must presume that the trial court acted in conformity with the law and that its ruling was proper given the evidence before it. *Id*.

¶ 20    Nonetheless, regardless of what additional evidence was presented at the fitness hearing, the record contains sufficient evidence to support the trial court's finding of Alexis's unfitness. In a parental fitness hearing, the focus is on the conduct of the parent. *In re Adoption of Syck*, 138 Ill. 2d 255, 276 (1990).

¶ 21    Section 1(D) of the Adoption Act sets forth several grounds on which a parent may be found unfit. See *In re Brandon K.* 2017 IL App (2d) 170075, ¶ 24 (citing 750 ILCS 50/1(D) (West 2014)). Any one ground, if properly proven, is sufficient to enter a finding of unfitness. *Id*.

¶ 22    The trial court found Alexis unfit based on her failure to maintain a reasonable degree of interest, concern, or responsibility as to the child's welfare. See 750 ILCS 50/1(D)(b) (West 2020). The record includes a report from the GAL pointing out that Alexis failed to keep in contact with A.M.H. while incarcerated and, as a result, the child did not know Alexis. "If personal visits with the child are somehow impractical, letters, telephone calls, and gifts to the child or those caring for the child may demonstrate a reasonable degree of concern, interest and responsibility, depending upon the content, tone, and frequency of those contacts under the circumstances." *In re*

*Adoption of Syck*, 138 Ill. 2d at 279. Nothing in the record indicates that Alexis took any steps to maintain contact with A.M.H. Alexis admitted in her answers to interrogatories that she made no financial contributions for the benefit of A.M.H. since November 15, 2018; had not resided with or visited with the minor since November 15, 2018; and had not participated in major decisions in the minor's life, including medical or educational. Thus, the record supports that Alexis failed to maintain a reasonable degree of interest, concern, or responsibility as to A.M.H.'s welfare and nothing shows otherwise. Therefore, the trial court's finding of unfitness on this ground was not against the manifest weight of the evidence.

¶ 24      The trial court also found Alexis unfit by reason of depravity, based upon her conviction for aggravated battery of a child under the age of thirteen. See 720 ILCS 5/12-3.05(b)(2) (West 2014). The Adoption Act "does not define depravity, but the Illinois Supreme Court has held that depravity consists of 'an inherent deficiency of moral sense and rectitude.' " *In re Adoption of K.B.D.*, 2012 IL App (1st) 121558, ¶ 200 (quoting *In re Donald A.G.*, 221 Ill. 2d 234, 240-41 (2006)). The Adoption Act provides that a conviction for aggravated battery of a child "creates a presumption that a parent is depraved which can be overcome only by clear and convincing evidence." 750 ILCS 50/1(D)(i) (West 2020). Therefore, once the certified copy of Alexis's conviction for aggravated battery of a child under the age of thirteen was entered into evidence, Alexis was presumed depraved unless she overcame the presumption by clear and convincing evidence. Alexis points to no such evidence and our review of the record reveals none. Thus, we cannot conclude that the trial court's finding that Alexis was unfit to parent A.M.H. by reason of depravity was against the manifest weight of the evidence.

¶ 27      For these reasons, we conclude that the trial court's finding of parental unfitness was not

against the manifest weight of the evidence.

¶ 28    Affirmed.